## SHAW v. BROWN.

. CONSTRUCTION OF A CONTRACT. A bond for the sale of real estate con-
tained the following conditions : "The said S. (the obligee) paying
promptly, time being the essence of the contract, his two certain pro-
missory notes, of even date with this contract, the one in the sum of
$916.66, due on the 1st of January next, with ten per cent interest, and
the other in the sum of $1,833.32, due in six months from date, with ten
per cent interest. If said notes are not paid promptly when due, I
hereby reserve to myself the privilege of taking possession of said premises
and declaring this contract void, and all payments thereon forfeited, and
it is understood the said S. is to pay all taxes that may accrue on said
land, then this bond is to be carried into full effect. It is also understood
that I am to deed said land to the said S, in such parcels as he may sell
and wish to convey prior to the payment of the last note, provided said S.
pays *pro rata* with the amount deeded."—*Held*:

    1. If S., after the first payment as stipulated, should effect a sale and
wish to convey a portion of the land, B. (the obligor) would be bound
to convey the portion so sold, provided it did not exceed *pro rata*
the sum paid.

    2. That if within a reasonable time after notice of such a sale and
demand for a conveyance, the obligor failed to execute the same, the obli-
gee would be absolved from a further performance of the contract on
his part.

    3. That if the obligee should make the first payment and should not
sell any portion of the land before the maturity of the last note, and
made a default in the payment thereof, time being the essence of the
contract, he would forfeit the sum paid.

    4. Upon the payment of the first note, the obligee was entitled to a
conveyance of a *pro rata* portion of the land when he made sale of the
same.

2. INSTRUCTION. An instruction not warranted by the evidence should be
refused.

3. EVIDENCE: INABILITY TO CONVEY. In an action for damages sustained by
reason of a breach of contract to convey lands, a deed showing that the
title was not in defendant, at the time the conveyance should have been
made, is admissible when tending to sustain an allegation in the plead-
ing upon which issue is joined.

*Appeal from Polk District Court.*

SATURDAY, JUNE 28.

On the second day of October, 1856, the defendant, Brown, agreed to sell to the plaintiff one thousand acres of land, situated in Guthrie county of this State, " On condition of said Shaw paying promptly, time being the essence of the contract, his two certain promissory notes, of even date with the contract, the one in the sum of $916.66, due on the first day of January next, with ten per cent interest, and the other in the sum of $1,833.32, due in six months from date, with ten per cent interest. If said notes are rfot paid promptly when due, I hereby reserve to myself the privilege of taking possession of said premises, and declaring this contract void, and all payments thereon forfeited, and it is understood that the said Shaw is to pay all taxes that may accrue on said land, then this bond to be carried into full effect. It is also understood that I am to deed said land to said Shaw in such parcels as he may sell and wish to convey, prior to the payment of the last note, provided that said Shaw pays *pro rata* with the amount deeded."

Under this contract Shaw claims to have made the first payment, of $916.66, with interest, at the time specified therein. That prior to the time for the payment of the last note, he effected a sale of some 333⅓ acres of said land, desired to convey the same to the purchaser, and accordingly demanded a deed for the same. Being refused, he instituted this action to recover damages for the non-conveyance thereof, and having obtained a judgment for $1,176.81, the defendant appealed.

*E. J. Ingersoll, S. V. White* and *T. E. Brown* for the appellant.

*M. D. & W. H. McHenry* and *C. C. Cole* for the appellee.

I. A deed duly executed and acknowledged is *prima facie* evidence that it was delivered on the day of its date. 2 Greenl. Ev., § 297; 1 Phil. Ev., ch. 9, § 1, pp. 467–8; 3 Cow. & Hill's Notes to same, 1281; Shep. Touch., 72; *Breckinridge* v. *Todd*, &c., 3 Monr., 54, 55.

II. When a party to a contract by his own act places it out of his power to perform it, he thereby excuses the other party from performance or offer to perform, and becomes liable at once to an action. Story on Cont., § 976; *Clark* v. *Crandall*, 3 Barb. S. C. R., 612; *Collins* v. *Vandever*, 1 Iowa, 573; 2 Pars. Cont., 191, and note.

III. That in the construction of the contract the court will take a view of the whole contract, and follow the intent of the parties, and if there is a doubtful or ambiguous meaning to the words, "prior to the payment of the last note," they will be construed most strongly against the obligor, (the defendant,) and especially is the latter true when a different construction involves a forfeiture. Story Cont., §§ 662, 663; 2 Story's Eq. Jur., § 1319; *Marvin* v. *Stone*, 2 Cow., 781; *Archibald* v. *Thomas*, 3 Id., 284.

Lowe, J.— The defendant comes into this court upon thirty-seven assignments of error. In his very able printed argument, however, a very large proportion of these have received no notice or attention whatever, and we may presume, therefore, that they are waived, as we think they could be, without compromising the defendant's rights.

Imitating the example set us by the learned counsel for the defense, we will consider the same points elaborated by them. The most important of these relate to the construction of the contract. We have already set forth the important covenants in this contract. The construction which the court below gave to its terms was substantially this,

Shaw v. Brown.

that if Shaw, after making his first payment as stipulated, should effect a sale, and wish to convey a portion of land, that then, in such contingency, Brown was bound to convey the amount so sold, provided it did not exceed *pro rata* the sum paid ; and if Brown failed, after notice and demand, to do so in a reasonable time, Shaw would be absolved from further performance of the contract on his part. On the other hand, if Shaw should promptly make the first payment, and should have no opportunity to sell, and did not sell any portion of the land before the last note fell due, and made default in making the last payment, then, time being the essence of the contract, he would forfeit the same, and forfeit the money which he had paid.

It is insisted that this construction of the contract is unsound, and does not reflect the true intent of the parties. We hold differently. In our judgment, it does give the true meaning and sense of the contract, and is in agreement with the natural import of the words employed, which, after all, is the safest criterion in arriving at the intention of the parties. By adopting this interpretation, greater certainty is secured in the payment of the purchase-money at the time specified, by affording the purchaser increased facilities or means for raising the same, an object of as much importance to the vendor as to the vendee.

The interpretation contended for by the defense is variously stated in their instructions which the court refused, marked by Nos. 13 to 23, inclusive, and which, when divested of its multiform phraseology, means this : that the first payment, if made, was to be regarded in the light of a penalty or security to be held by the defendant for the more prompt payment of the last note, and in the event of a defalcation, to be forfeited ; that the stipulation to convey to Shaw certain parcels of land which he might sell and wish to transfer by deed, has reference only to *pro rata* payments which he, Shaw, might make on the last note

prior to its maturity, and has no application to the first note. This interpretation of the contract is presented argumentatively under various aspects and views, the logic of which we are not able to accept.

If such was the intention of the parties they have been singularly unhappy in the use of language to express their meaning. See the case of *McCraney, Exr.,* v. *Griffin et al.*

Again, much emphasis is laid upon the refusal of the court to give to the jury the fourteenth and sixteenth instructions asked by the defense.

The first of these is as follows: "That if the jury find from the evidence that the plaintiff was advised that the defendant could forfeit his title to said land prior to the time specified in the bond, and that the plaintiff made the declaration to the defendants that he should not pay the said last note, and could not perform the said bond, on his part, with the understanding that said declarations would influence the action of the defendant, and induce him not to perfect the title to said lands in himself, and that the defendant did rely on such declaration, and by reason thereof did not perfect the title to said lands in himself, and be in readiness to convey said lands as provided in the bond, then the plaintiff cannot recover, on the ground that the defendant did not have the title to said lands named in said bond for the execution of said deed."

We take it that the object of this instruction was to show to the jury that the defendant had a valid excuse for not possessing himself of the title to the lands in question, if the jury should find the existence of certain facts named therein, under the evidence.

The instruction overlooks the important fact that previous to all this the plaintiff had been absolved from performing any further his covenants in the bond, because the defendant, acting upon his own construction of the contract, had refused, on demand, to make to the plaintiff a deed to cer-

tain parcels of land, in proportion. to the amount already paid. The plaintiff, therefore, had a right to say, as he did say, a few days before the last payment fell due, that he did not expect to pay, and could not and would not pay the last note. For, up to this time, the plaintiff had made no default in the performance of his contract, but the defendant had, and we do not know but what his failure in this respect was the cause of the plaintiff's inability to pay the last note. We are certainly at fault in perceiving how the above instruction could, with any legal propriety, have been given to the jury.

The same objection lies against instruction number sixteen, with the additional objection that it is based upon a set of supposed facts, some of which are wholly unwarranted by the evidence in the case. We do not deem it important to incorporate it in this opinion, and point out, in detail, its faults as an instruction. The proposition of law which it contains may be true, yet, in the absence of testimony to sustain the special understanding or contract set up therein, by which a forfeiture of the contract was agreed upon, and the defendant released from all liability, by reason of his failure to deed, &c., it could not, as we have often held, be submitted to the jury.

There is only one other error which counsel in argument have particularly pressed upon our notice, and that relates to the introduction, at the trial, of some evidence offered by the plaintiff to establish, or as tending to establish, one of the issues on his side. He had, among other things, alleged in his petition, "that prior to the time fixed for the conveyance of said land by defendant to plaintiff, the defendant, by his own wrongful act, placed it out of his power to convey said land, or any part thereof, to plaintiff, according to his said bond." This allegation was denied. The plaintiff offered a deed of conveyance from James Buel and wife to D. P. W. Day, purporting to be dated

and acknowledged on the 1st day of April, 1857. This deed conveyed the southwest quarter of sec. 14, T. 78, R. 32, west, being one of the tracts of land which the defendant had stipulated in his bond to convey to plaintiff, on the 2d day of April, 1857; against the objection of the defendant, it was permitted by the court to go to the jury as evidence. Its sufficiency to establish the allegation aforesaid without more, might well be insisted upon; its incompetency, as tending to maintain the plaintiff's side of the issue, is not apparent to us. It is true, that it afterwards turned out in the evidence, that Buel and wife resided in the state of New York, that the deed was transmitted to Iowa with the name of the grantee in blank, which was not filled up for some two or three weeks after the deed was sent to this state. This fact alone affords no sufficient reason why the deed should have been excluded, for we suppose that if the deed was in all other respects honest and regular in its execution, the title under it would be deemed to have passed at its date.

One object in introducing this deed, we presume, was to show that the title of the land therein described was out of the defendant. If it tends to do this, although inconclusive, it is not, on that account, incompetent. Accompanied with other testimony, it might constitute an important link in the chain of evidence to establish that proposition.

Counsel, in argument, claim that the introduction of this deed must have had the effect to mislead the jury. Under the peculiar aspect of this case, we cannot comprehend how this can be.

The defendant, in his special answer, and also in his testimony, admits that he had not the title to these lands at the time the plaintiff's last note fell due, and excuses himself for not having obtained the title, upon the ground that plaintiff had failed to make his payments according to the covenants in his contract, claiming that he himself had

purchased the same lands on what were termed time bonds, in the manner that he had sold to the plaintiff, and that he did not perfect the title in himself, because the plaintiff had given him to understand that he should not make the last payment under his contract.

However valid this excuse might be, under some circumstances, it was inadmissible in this case, for the reason that he had released the plaintiff from making the last payment on said purchase, by failing to perform a precedent obligation, which was, to convey, on demand, before the last payment, certain parcels of land, in proportion to the amount already paid. And this really was the pivotal point in this case, and it was a matter of scarcely any moment whatever, whether said deed was admitted or excluded as evidence.

This comprehends, as we understand it, all the points made in argument of counsel, and as to the other matters and things set down as error, we are quite prepared to overrule each and all of them, and to affirm this case.

Affirmed.