### CLISE v. FREEBORN.

**Practice :** IN SUPREME COURT. It is not the duty of the supreme court to consider and pass upon points not presented in argument, though embraced in the assignment of errors.

*Appeal from Bremer District Court.*

THURSDAY, JUNE 16.

ACTION upon a promissory note made by defendant to George Snyder, or order, for $300, payable one day after

date. The note bears date April 23, 1867. Verdict and judgment for defendant. Plaintiff appeals.

*G. C. Wright* and *B. W. Poor* for the appellant.

*J. E. Burke* for the appellee.

BERK, J. — As defenses to the action defendant pleaded, that the note was given without consideration, and that a judgment had been rendered against him upon said note, in a proceeding of garnishment upon a judgment before rendered against the original payee of the note, George Snyder. In avoidance of this last defense, both in a replication and at the trial, the plaintiff, admitting the same, set up the discharge of Snyder in bankruptcy. The evidence offered to establish this discharge was not admitted. The jury were required, upon the motion of defendant, as a special verdict, to answer whether the note was given upon a consideration. Their reply was in the negative.

I. The appellant makes two points in his argument, and no more, against the judgment of the district court. The first is that the cause was submitted to the jury upon a single proposition, as to the want of consideration, when it was the plaintiff's right to have his whole case passed upon. The ready answer to this objection is, that the proposition did pass upon all of plaintiff's case, as there was no other issue to determine. The state of the pleadings and evidence left no other question for the jury to pass upon.

II. It is claimed that the evidence is not sufficient to support the verdict. The record does not pretend to give all of the evidence, and, of course, gives no foundation for this objection.

The record is fertile in exceptions, no less than ten being presented in the assignment of errors as grounds

of objection.    None of them, we can say, appear to be well taken, though it is not our duty to pass upon those that are not presented and relied upon in argument. *Shaw* v. *Brown*, 13 Iowa, 508 ; *The County of Dubuque* v. *Koch*, 17 id. 229.

If counsel have not sufficient confidence in points made in their assignments of error to present them in arguments, they surely cannot expect us to consider them.

Affirmed.