## Hows & Olson v. Fostenson.

*Appeal from Winneshiek Circuit Court — Thursday, June 8.*

ACTION to recover for labor performed by plaintiff in drilling a well for defendant. The answer of defendants, besides denying generally the allegations of the petition, sets up a former adjudication in an action between the parties in the district court of Winneshiek county, where the question of the non-fulfillment and abandonment of the contract sued on in this case was in issue, and a judgment thereon favorable to defendant was rendered. The contract by a further answer is admitted, with certain differences, and its abandonment and non-performance by plaintiff is averred. A judgment in the former suit for $232.68 is pleaded as a set-off. Verdict and judgment were had for plaintiff. Defendants appeal.

*Willett & Bennett* for the appellants — *Levi Bullis* for the appellee.

BECK, J.— The assignment of errors presents objections to rulings upon certain instructions given and refused and upon the admission of certain evidence. These objections all involve and are based upon the alleged fact of the adjudication of the issues of the case which the answer avers was had in a former suit. The abridgment of the record upon which the case is presented fails to set out this judgment and the proceedings wherein it was rendered, neither does it contain any evidence tending to establish the averment of the pleadings in regard to them. It does not appear that an attempt was made to establish by evidence the adjudication pleaded. We therefore cannot consider the objections which are based upon the prior adjudication. The rulings complained of are entirely unobjectionable so far as any thing appears in the abstract of the record.

It is claimed that the verdict is not supported by the evidence. This objection is without foundation. The finding well accords with the evidence before us.

The assignment of errors raises other objections which are not presented in the argument of defendants' counsel. We do not consider objections that are not relied upon in the argument, but will regard them as waived. *Shaw* v. *Brown*, 13 Iowa, 508.

It is not the habit of this court, neither are we required so to do, to enter into the examination of objections in which counsel have not sufficient confidence to justify an attempt to sustain them by arguments. In this case they appear to be without merit and demand no further notice.

Affirmed.