MELHOP *et al.* v. DOAN & CO.

1. **Practice: ON APPEAL.** The supreme court will not interfere with the judgment on a verdict where the evidence is conflicting, and it does not appear that the jury were actuated by prejudice or passion.

2. —— In such cases the supreme court will not discuss the testimony at length, but simply state its conclusions thereon.

3. —— ASSIGNMENT OF ERRORS. Errors assigned which are not discussed or insisted upon in argument, will not be considered.

*Appeal from Dubuque District Court.*

TUESDAY, JUNE 17.

ACTION to recover the value of property belonging to plaintiffs, which, they allege, was seized and sold in an action by attachment, brought in the city of Chicago, by defendants herein against them, in which no personal service of notice of process was made upon them. It is alleged that the claim

upon which the action was prosecuted, was false and fraudulent, and that the action was fraudulently instituted, and the writ of attachment and other process therein were wrongful and fraudulent. The allegations of the petition were put in issue by the answer. Upon a trial to a jury, a verdict and judgment were had for plaintiffs. Defendants appeal. The cause has before been in this court. See 31 Iowa, 398, for a more particular statement of facts.

*Griffith & Knight* for the appellants.

*Adams & Robinson* for the appellees.

BECK, Ch. J. — The only objection made by defendant's counsel in their argument to the judgment of the district court, is that the verdict is not supported by the evidence. The jury were directed by the court that, to authorize them to return a verdict for plaintiffs, they must find that the action in attachment, in which defendant's property was sold, was fraudulently instituted and prosecuted by defendants. No question is made as to the correctness of this and other instructions bearing upon the same point. Defendants claim that there was an utter absence of evidence as to the fraud contemplated by the instruction, and that the verdict, therefore, was unauthorized by the proofs.

The question of fraud here, as in other cases, was for the jury, and it was competent to establish the bad faith of the defendants by circumstances — their acts and conduct. We think there was evidence upon which the jury, in the exercise of an unbiased judgment, could have found that the attachment proceeding was fraudulently prosecuted; that defendants did not hold a valid claim against plaintiffs, which was well known to them, and that they sought an opportunity to enforce it against plaintiffs in a proceeding not requiring personal service of notice or process. We think there were circumstances tending to prove these facts. The evidence in regard to the different facts pointing to the conclusion that

defendant acted in bad faith was conflicting, the witnesses of each party directly contradicting the statements of those testifying on the other side. The jury may have erred in weighing this conflicting testimony, but we cannot say that they did not discharge their duty fairly, intelligently and without passion. Under these circumstances, we cannot interfere with the verdict.

It is, perhaps, sufficiently understood to render the repetition of the announcement here unnecessary, that we do not, in cases of mere conflict of evidence, where the verdict of the jury is sought to be set aside because it is not supported by the proof, discuss at length the testimony. Objections of this character are so frequently made and involve, if their discussion be entered upon, the preparation of opinions of such great length that our records and reports would be incumbered by matter of no profit to either the parties in the actions or to the profession. We, therefore, satisfy ourselves with the simple statement of our conclusions.

Errors are assigned by defendant's counsel upon certain instructions given to the jury, but they are not discussed or insisted upon in their argument. We are, therefore, not required to consider them. *Shaw* v. *Brown*, 13 Iowa, 508; *Wilson* v. *Hillhouse*, 14 id. 199.

Affirmed.