## BARBARIN vs. DANIELS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

When the original payee is in possession of a note, on which his name is
endorsed in blank, no proof of re-transfer is necessary to enable the
holder to recover.

A mortgage which, without reciting the interest, refers to and secures the
payment of a note, is evidence of the principal obligation, and covers all
the stipulated interest therein.

Where a note stipulated for ten per cent. per annum interest, and was made
payable eighty-five days after date : Held, that the interest run from the
date of the note, until payment, without any demand at its maturity.

The Supreme Court, in its discretion, will refuse damages, as for a frivolous
appeal, even when the grounds of defence are untenable, and when the
principles upon which they rest, have been settled by previous adjudication.

The plaintiff obtained an order of seizure and sale, on the following note, secured by a mortgage on a house and lot, in the city of New-Orleans.

" $2,700."                    " New-Orleans, April, 16, 1834."

" Eighty-five days after date, I promise to pay to the order of Morris Jacobs, two thousand seven hundred dollars with interest, at the rate of ten per cent. ; value received."

                                        " Aaron Daniels."

*Endorsed,*    " Morris Jacobs, J. Barbarin."

*Paraphed,*    " *Ne varietur*, 23d April, 1834."

                                        " Carlisle Pollock, N. P."

When the note became due, it was deposited in bank for collection, and protested at the instance of the cashier, as holder, and sued on by the plaintiff, without any re-transfer.

The mortgage simply recites the note sued on, by its date and amount, without any mention of the interest stipulated on its face.    The defendant took an appeal from the order of seizure and sale.

*D. Seghers,* for the appellant and defendant.

1. The plaintiff sues on a note of two thousand seven hundred dollars, which he alleges, *necessarily imports confession of judgment.*    Now it appears from the note, that it was transferred by his signature endorsed thereon; and from the instrument of protest, it appears that the bank of Louisiana is the holder of the note, and consequently the only party entitled to sue on the same.

2. The judge *a quo,* therefore, erred in granting the order of seizure and sale, at the suit of the plaintiff, Joseph Barbarin, while from his own showing, it appears that he had parted with the note.

3. The order of seizure and sale is granted, " *for the payment and satisfaction of the above sum of two thousand seven hundred dollars, together with the maximum of legal interest and costs,*" agreeably to the conclusions of the petition.    Now it is on the notarial act, not on the note, that the order of seizure and sale can issue.    Besides, even if the note should be considered as sufficient evidence of such a stipulation of interest,

this stipulation cannot be extended beyond its own limita- <span style="float:right">Eastern Dist.</span>
tion: that is to say, that by the wording of this contract or *December*, 1834.
promise, the time during which the interest of ten per cent.
per annum is to be paid, is confined to the eighty-five days
which the note had to run.

4. The judge *a quo*, therefore, erred: 1st. In granting the
order of seizure and sale for the payment of conventional
interest, not secured by the mortgage recited in the notarial
acts on which the said order is founded, and not even men-
tioned in those acts; and 2d. In not restraining the rate of
interest at ten per cent. per annum to the space of time during
which it was promised to be paid.

*Keene, contra.*

*Bullard, J.,* delivered the opinion of the court.

The appellant assigns for errors apparent on the face of the
record, 1st. That it appears by the note itself that it had been
transferred by the endorsement of the appellee, and that the
Bank of Louisiana was the holder at the time of the protest;
and, 2d. In granting the order of seizure for the payment of
conventional interest, not secured by the mortgage recited in
the notarial acts on which said order is founded; or, at all
events, in not restraining the interest to the space of time
during which it was promised to be paid.

I. The endorsement is in blank, and the original payee is
in possession of the note. It is true, the protest states, that
the cashier of the Bank of Louisiana was at that time holder
for the bank. But this court has decided, in several cases,
that when the payee retains possession, and the endorsement
of his own name on the note is in blank, no proof of
re-transfer is necessary to enable the holder to recover.
*7 Martin, N. S.* 255. *2 La. Reports,* 193.

II. The note referred to in the act of mortgage, and identi-
fied with it by the certificate of the notary, stipulates for an
interest at the rate of ten per cent. per annum, and is made
payable eighty-five days after date. The mortgage, without
reciting the interest, refers to and secures the payment of the

*Marginal note:* When the original payee is in possession of a note on which his name is endorsed in blank, no proof of re-transfer is necessary to enable the holder to recover.

A mortgage which, without reciting the interest, refers to and secures the payment of a note, is evidence of the principal obligation, and covers all the stipulated interest therein.

61

EASTERN DIST. note, which is evidence of the principal obligation.   The
December, 1834. mortgage, therefore, covers the stipulated interest.   But it is
contended, that the interest is not to run after the maturity
of the note, and that the judge erred in issuing the order of

BARBARIN
vs.
DANIELS.

Where a note
stipulated for ten
per cent. per an-
num interest, and
was made paya-
ble eighty-five
days after date:
*Held*, that the
interest run from
the date of the
note until pay-
ment, without
any demand at
its maturity.

The Supreme
Court, in its dis-
cretion, will re-
fuse damages as
for a frivol-
ous appeal, even
when the grounds
of defence are
untenable, and
when the princi-
ples upon which
they rest, have
been settled by
previous adjudi-
cations.

seizure for interest, until final payment.   We think the
judge did not err.   Article 1931 of the Louisiana Code, pro-
vides, that "in contracts stipulating a conventional interest,
it is due, without any demand, from the time stipulated for
its commencement until the principal is paid."

The appellee in his answer, prays for damages of ten per
cent. as for a frivolous appeal.   The grounds upon which the
appellant seeks relief in this court are, in our opinion, untena-
ble; that which relates to the endorsement having been
adjudicated upon by this court, in several cases, and, as relates
to interest until final payment, the principle is settled in the
most unequivocal manner by the article of the Code above
referred to.   But we do not consider this one of the cases
which require us to inflict a severe penalty on the appellant.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.