CONANT (UNITED STATES v.). See Cases Nos. 14,843 and 14,844.

## Case No. 3,087.

### CONANT v. WILLS et al.

[1 McLean, 427.][1]

Circuit Court, D. Indiana. May Term, 1839.

ACTION ON PROMISSORY NOTE — PLEADING AND PROOF—STRIKING OUT ENDORSEMENTS—ASSIGNMENT.

1. An unsubstantial variance between the note and the declaration, where the note is described in effect, will be disregarded.

2. The holder of a negotiable note is presumed to have the right. and being the payee may strike out the endorsements on it, and bring the action in his own name.

3. A plea that the note had been assigned, should be supported by some proof that the right was in the assignee.

_____

[1] [Reported by Hon. John McLean, Circuit Justice.]

4. Assignments to cashiers, as in this case, it is known are often made, for the mere purpose of collection.

[Action at law by Conant against Wills and Bradley.]

Fletcher & Butler, for plaintiff.
Mr. Ingram, for defendants.

OPINION OF THE COURT. This is an action of assumpsit on a promissory note. The defendants plead non assumpsit, and also that the note was assigned by Conant, the plaintiff, to White. The jury having been sworn, the note was offered in evidence. The defendants proved that the note was indorsed in blank, and filled up to White in his hand writing; but this indorsement is now struck out. This was done since the commencement of this suit. The declaration describes Conant of the city of New York, generally; but the note describes him of Pearl street, New York. For this variance, the defendants' counsel object to the note as evidence. This variance is not material, the note being set out in substance. It leads to no uncertainty, and may therefore be disregarded. The counsel for the defendants then prayed the court to instruct the jury, that if they should find the note to have been assigned, they must find for the defendants.

The holder of a note is presumed to have the beneficial interest in it; and he has a right to strike out any indorsement made on it, and being the payee, to bring the action in his own name. A plea that a note has been assigned, should be supported by some proof that the beneficial interest in the note was still in the assignee. Indorsements, it is known, are often made to the cashiers of banks and others, for the mere purpose of collection. The indorsement, in such case, operates as a power of attorney to the assignee to receive the money. The assignee in this case was the cashier of a bank. And the note not being paid, it is afterwards found in the hands of the payee, who brings a suit against the drawers, in his own name, and strikes out the assignment. We think, the presumption of right, in the absence of other proof, is in favor of the plaintiff. And that he had the power and right to strike out the indorsement. If White be injured, he has his recourse against the plaintiff. In no event can the defendants be injured. A recovery in this suit will bar any future suit against them, on the note.

The possession of a bill by the indorsee, who had indorsed it over to another, is, unless the contrary appear, evidence that he is the bona fide holder and proprietor of such bill, and he is entitled to recover thereon, notwithstanding there may be on it one or more indorsements in full. subsequent to the indorsement to him, without his producing any receipt or indorsement back from either of the subsequent indorsers, whose names he may strike out or not as he thinks proper. Dugan v. U. S., 3 Wheat. [16 U. S.] 172; U. S.

v. Barker [Case No. 14,517]. Possession of a bill by the payee which he had indorsed over, is evidence that he has paid to the person who had a right to call upon him, though it is not re-indorsed. Lonsdale v. Brown [Id. 8,492]; Buzzard v. Flecknoe, 1 Starkie, 333; Barbarin v. Daniels, 7 La. 479.

Verdict for the plaintiff and judgment.