## GORDON, Administrator *v.* PITT.

Where two joint and several obligors on a promissory note, unite in their answer, and make the same defence, and the verdict of the jury is against both, the court, under section 1815 of the Code, may grant a new trial as to one, and not as to both of said defendants.

Where the evidence is conflicting, and the court below has overruled a motion for a new trial, based upon the insufficiency of the evidence to sustain the verdict, the appellate court will not disturb the judgment.

After verdict, on a motion for a new trial, it is too late to raise questions that were not relied upon, by answer or otherwise, and in relation to which no instructions were asked, or exceptions taken.

*Appeal from the Louisa District Court.*

SUIT to recover of Samuel Pitt, and William Parker, the

amount of two joint and several negotiable promissory notes, for $300 each, given by them, payable to plaintiff's intestate, dated November 9th, 1847, and payable respectively in fourteen and twenty-six months, with interest at the rate of ten *per centum per annum*. The answer of defendants denies all indebtedness, and avers that the notes were given to John Pitt in his lifetime, as accommodation notes; that no consideration was received for them, by defendants, or either of them; and that the notes were given to enable the said John Pitt to obtain money for his own benefit; and that the money obtained on the notes by negotiation, has been fully paid. On this answer, issue was joined, and the evidence given as set forth in the bill of exceptions. The court instructed the jury, that the plaintiff was not entitled to recover, if they believed from the testimony that the notes were given as accommodation notes to John Pitt; and that the jury could return a verdict against one or both of defendants. The bill of exceptions claims, that plaintiff's attorney stated to the jury, before they retired, that he did not claim a verdict against defendant, Parker. The jury returned a verdict against both defendants for $1,133.50. The defendants separately filed motions in arrest of judgment, and for a new trial. The motion was sustained as to defendant, Parker, and overruled as to defendant, Samuel Pitt. Judgment on the verdict, from which defendant, Pitt, alone appeals.

The following errors are assigned by defendant, Samuel Pitt: 1st. That the court erred in instructing the jury, that they could find a verdict against one or both defendants. 2. In granting a new trial to one, and not to both defendants. 3. In rendering any judgment, except on the finding of the jury. 4. In overruling Samuel Pitt's motion in arrest of judgment, and for a new trial. 5. In not granting a new trial to both defendants, when it appeared on trial, that Bodeman, while the holder of the note, released defendant, Parker. 6. In not arresting the judgment and granting a new trial to both defendants, when it was conclusively proven on

the trial, that plaintiff, as administrator of John Pitt, had no right of action on the promissory notes.

*Browning & Tracy*, for the appellant.

*Starr & Phelps*, for the appellee.

STOCKTON, J.—The defendant claims that the court erred in instructing the jury, that they might return a verdict against one or both of the defendants.   The answer to this is, that if the instruction was erroneous, which we are not prepared to admit, we do not see that the defendant, Pitt, is prejudiced thereby, since the verdict was against both defendants.   It is claimed, in the second place, that the court erred in granting a new trial as to one, and not as to both defendants, and the question is distinctly presented, whether in the case of the joint and several obligors on a promissory note, who unite in their answer, and make the same defence, where the verdict of the jury is against both, it is permissible for the court to grant a new trial as to one, and not as to both of said defendants.   We should state further, that the question in this case, is made not by the plaintiff, but by the defendant to whom the new trial was refused.

We are not satisfied that it was a sufficient reason for granting the new trial to Parker, that the plaintiff waived any verdict against him before the jury retired, and we are quite as far from being satisfied that the defendant, Parker, should have been permitted to set up as a defence against any verdict or judgment against him, that he was merely an accommodation party to the note.   Without going into these questions at present, although they seem to have been somewhat relied upon by the plaintiff, as furnishing the ground of the action of the court in granting the new trial to Parker, we proceed to inquire simply, whether defendant, Pitt, was entitled to a new trial, for the reason that a new trial had been granted to Parker?   The defendants in the District Court, by their joint answer, deny that they or either of them, received any consideration for the notes, and aver

that they were given as accommodation notes, to enable John Pitt to raise money on them for his own benefit, by negotiating them; to this answer there was a denial. The cause being submitted to the jury, on issue joined, a verdict was returned in favor of the plaintiff against both defendants. We are not asked, at present, to decide whether the court properly arrested the judgment as to Parker; and the sufficiency of the reasons operating on the mind of the court, in granting him a new trial, are not before us for review. To deny, however, to the court the power and authority to refuse the new trial to Pitt, would be to assume that no state of case could arise, and no defence be made by Parker in the action against him, which would not be equally as effectual for the discharge of his co-defendant, Pitt. In other words, that if Parker, at a subsequent trial, should make good a defence which would discharge him of the obligation of the notes, Pitt ought to be equally discharged. This position we do not wish to be compelled to assume. Both defendants, it is true, appear equally and jointly bound on the notes; and whilst we recognize the well settled rule of law, that if two or more are jointly bound, or jointly or severally, and the obligee releases as to one of them, all are discharged. 2 Parsons on Contracts, 23. Yet it is quite as well settled, that a state of facts may be shown to exist as to one joint obligor, which would release him from his liability, and leave his co-obligor still liable. The Code (§ 1815,) may afford some light on this subject, and furnish the fullest authority for the action of the District Court. The section reads as follows:. "Judgment may be rendered for or against one or more of several defendants; or the court when practicable, may determine the ultimate rights of the parties on each side, as between themselves, and give judgment accordingly." The court may have been of opinion, that there was sufficient ground for rendering judgment against Pitt, and for arresting the same as to Parker, and granting him a new trial, as authorized by the above recited section. Whether the discretion vested in the court, was properly exercised in granting the new trial to Parker, we are, as before remarked,

Gordon, administrator v. Pitt.

not called upon to determine.   But in refusing the new trial
to Pitt, we cannot say, that under the circumstances, or for
the reasons alleged, there was any such error in the judg-
ment of the court, as that defendant, Pitt, can complain, or
that this court should interfere to reverse the judgment of
the District Court, and order such new trial.   These remarks
will suffice to dispose of the second and third assignment of
errors.

It is claimed, in the fourth place, that the evidence was in-
sufficient to warrant the verdict of the jury, and that the
same should have been set aside as against the weight of the
testimony.   That there is a conflict in the testimony, we have
no hesitation in admitting.   Two of the witnesses testify to
hearing John Pitt say, at different times, after the notes were
given, that Samuel Pitt did not owe him anything; that the
notes were given to enable him to pay for his lands; and
that if he had not got them, he would have lost his land.
On the other hand, it is shown, that John Pitt had negotiated
the notes, and that they had passed out of his hands at the
time of said conversation; that about the time said notes
were given, John Pitt sold to Samuel one hundred and twenty
acres of land; and one of the witnesses testifies, that in a
conversation he had with both of the Pitts, in the spring of
1850, and about the time that Samuel Pitt was starting for
California, he understood from them that Parker had signed
the notes as an accommodation party, but that he did not
understand from them, that Samuel Pitt had signed them as
such; and he received the impression that Samuel owed
John the amount of the notes, and that Parker had signed
them to enable John Pitt to negotiate them, and raise money
to pay for a tract of land he had bought; and that Samuel
Pitt's note at that time, would not be considered very good.
Upon this state of evidence, the jury found that Samuel Pitt
was liable on the notes, and the District Court having re-
fused to grant the motion for a new trial, on the ground of
the insufficiency of the evidence, we are not disposed to dis-
turb the decision.

It is claimed by defendant further, that it is shown by the
testimony, that while Bodeman was the holder of the notes

sued on, Parker was released from the payment of them, and that such release discharged Samuel Pitt. It does not appear that this defence was in any manner relied upon at the time, in the court below, either by plea or otherwise. No instruction was asked of the court upon the point, nor any exception taken. The only evidence given, remotely bearing upon it, was by Kaster, one of plaintiff's witnesses, who testified, that about the time that Samuel Pitt was going away to California, Parker became uneasy about the notes, and witness understood that John Pitt executed a deed of trust on his land, and a bill of sale on his horses, to Bodeman, the holder of the notes, so as to relieve Parker from the payment of the notes. The court was asked to infer from this testimony, that Bodeman had released Parker, one of the joint and several obligors; and that Samuel Pitt was thereby released also. We do not think the evidence authorized any such conclusion, even if the defendant was in a position to make the objection in this court. The court below was not asked to instruct the jury, that the release of Parker by Bodeman, was equally a release of Pitt, and after verdict, it was too late to raise that question, on a motion for a new trial.

The last point made by defendant is, that the District Court erred in not granting both defendants a new trial, for the reason that plaintiff had no right of action, the notes appearing to have been assigned to Bodeman, without ever having been re-assigned to plaintiff's intestate. It appears from the record, that the assignment on the back of the notes to Bodeman, had been erased before suit brought. This was sufficient to enable plaintiff to recover, without a re-assignment to John Pitt. The holder of a negotiable note, is presumed to have the beneficial interest in it. He may strike out any indorsement on it, and being the payee, may bring the action in his own name. *Conant* v. *Willis & Bradley*, 1 McLean, 427. But this question was first made to the court on the motion in arrest of judgment, after the verdict by the jury in favor of the plaintiff. It was too late at that stage of the proceedings, to make any objection to the plaintiff's

-title to the notes.   The question should have been raised on the trial, when plaintiff, if necessary, might have had an opportunity to explain the manner in which the notes came into his possession, or into the possession of his intestate. There being, therefore, no error in the decision of the District Court, in refusing to arrest the judgment as to Samuel Pitt, the judgment will be affirmed.

Judgment affirmed.