## BROCKMAN V. BERRYHILL.

1. PRACTICE: AMENDMENTS. The right to amend a pleading is not an absolute, unconditional right, but is to be allowed in "furtherance of justice" under a sound judicial discretion.

2. NEW TRIAL: CONFLICTING TESTIMONY. When the evidence submitted to the jury was conflicting, and the court below refused to set aside the verdict and grant a new trial on that ground, the Supreme Court will not interfere. (*Devin* v. *Harris*, 3 G. Greene, 186; *Winfield* v. *The State*, Id., 339; *Hall* v. *Hunter*, 4 Id., 539; *Gordon, Administrator*, v. *Pitt*, 3 Iowa, 385.)

3. SAME: CONDITIONS IMPOSED BY THE COURT. The District Court may impose conditions upon the successful party to avoid the granting of a new trial in actions upon either contracts or torts. (*Dawson* v. *Wisner*, 11 Iowa, 6.)

*Appeal from Linn District Court.*

### FRIDAY, APRIL 22.

THE plaintiff filed his petition, alleging an assault and battery, and claiming one thousand dollars damages; to which the defendant filed his answer, denying the allegations of the petition, and averring that what he did do was done in defense of his person and property. When the cause was reached for trial and a jury called, the defendant asked leave to amend his answer by adding a cross-claim for trespass, claiming, as damages, one thousand dollars, which leave the court refused, and the defendant excepted. The jury was then sworn, and after hearing the evidence,

arguments and instructions, returned a verdict for plaintiff for two hundred and fifty dollars. The defendant moved to set aside the verdict, because, first, it was contrary to the law and evidence; and second, the damages were excessive. "Upon the hearing of which motion the Court intimated to counsel his inclination to grant a new trial, unless they would remit one hundred dollars of the verdict," which they did, and the Court rendered judgment for the balance, one hundred and fifty dollars, from which defendant appeals.

*I. M. Preston & Son* for the appellant.

*Thomas Corbett* for the appellee.

COLE, J.—I. The right to amend a pleading is not an absolute and unconditional right; it is to be allowed "in furtherance of justice," under a sound judicial discretion; and while we would not sanction a violation of either the letter or spirit of our Code, in which the most liberal provisions for amendments are made, we do not discover any abuse of sound discretion, or violation of those provisions, in the action of the Court in this case. Revision of 1860, §§ 2972, 2975, 2977, 2979; *Harvey* v. *Spaulding*, 7 Iowa, 423. In this case the defendant, as the jury was called, asked leave to amend his answer, not for the purpose of more fully stating his *defense* to this action, but to state a *cross-action* against the plaintiff, in the nature of a new suit. His defense was not prejudiced by the action of the Court, nor was his cross-action barred; he still has it.

II. The only witnesses to the alleged assault and battery were the parties themselves; and in their testimony before the jury, each swearing for himself, there were perhaps more conflicting statements than usual, even in such cases; and while the defendant succeeded in producing several witnesses, who testified to plaintiff's bad character the

plaintiff succeeded in producing testimony corroborative of his statements. In such cases it is peculiarly the province of the jury to determine the amount of credit to be given to each witness, and the facts established by their evidence. An absolute refusal to grant a new trial, because the verdict is contrary to the evidence, under such circumstances, would not be reversed by this court. It has been repeatedly held that, when the testimony is conflicting, and the court below, which heard the evidence, has overruled a motion for a new trial on that ground, an appellate court will not interfere. *Devin* v. *Harris*, 3 G. Greene, 186; *Winfield* v. *The State*, Id., 339; *Hall* v. *Hunter*, 4 Id., 539; *Gordon's Adm.* v. *Pitt*, 3 Iowa, 385.

III. The next and last alleged error complained of by the appellant, is, that upon the hearing of the motion for a new trial, "the Court intimated to counsel his inclination to grant a new trial, unless they would remit one hundred dollars of the verdict," which was done, and a judgment rendered for the balance. The provisions of our statute on the subject of new trials (Rev. §§ 3112–3120) do not contain an express and direct authority for the Court to impose terms upon a party to *avoid* the granting of a new trial, while it does give that authority where the motion is *granted.* But it will be remembered that the Revision does not contain *all* the powers of a court upon that subject; those provisions are engrafted upon the common law, which yields when in conflict with them, but when in harmony exists in full force and vigor. This power to impose terms, or as it was called, "the *alternative* presented to the party by the Court" has not only been recognized as a principle but has had frequent practical applications in the common law courts of England and of this country. 1 Gra. & Wat. New Trials, 456; *Brown* v. *Tanner*, 1 Car. & Payne, 651; *Evertsen* v. *Sawyer*, 2 Wend., 507. And this rule is equally applicable in cases of *tort.* Mr. Sedgwick

in his work on the Measure of Damages, page 603, lays down the rule as follows: "Where the jury have given such excessive damages that the court feel bound to set aside the verdict, they will, instead of simply ordering a new trial, give the plaintiff the option of reducing the verdict to the sum which the court considers reasonable, and on his remitting the excess, will deny the motion for a new trial, and this in actions of tort as well as on contract."

This power of the District Court has also been several times recognized by this Court, indirectly in the cases of *Gordon's Adm.* v. *Pitt,* 3 Iowa, 385; *Terpenning* v. *Gallup,* 8 Id., 74; *Woodward* v. *Horst,* 10 Id., 120; and directly in *Dawson* v. *Wisner,* 11 Id., 6. In view of these authorities, the action of the District Court was correct, and this is, therefore,

Affirmed.