SNYDER v. ELDRIDGE *et al.*

1. **Practice**: ASSIGNMENT OF ERRORS. Errors assigned, which are not presented in argument, will not be considered.

2. —— NEW TRIAL. The action of the court below in overruling a motion for a new trial, on the ground that the verdict is against the evidence, will not be disturbed where the testimony is conflicting.

3. —— EXCEPTIONS TO INSTRUCTIONS. The giving or refusal of an instruction must be excepted to at the time, or the action of the court below in respect thereto will not be reviewed by the supreme court.

*Appeal from Muscatine Circuit Court.*

SATURDAY, JANUARY 28.

PLAINTIFF sued as a bona fide holder of a promissory note in the following form:

"August 20th, 1868.

" On or before the 20th day of August, 1869, for value received, the subscribers of Sweetland township, county of Muscatine and State of Iowa, promise to pay to A. Ingalls or bearer one hundred and twenty dollars, it being given for the profits on (4) machines, with interest at ten per cent per annum.

(Signed)       "ABNER ELDRIDGE,
               "WM. H. DAVIDSON."

The defendants denied the execution of the note and allege that it was a forgery.

The issue was tried to a jury, who returned a verdict for the defendants. The plaintiff's motion for a new trial was overruled, judgment rendered on the verdict, and he appeals.

*Cloud & Broomhall* for the appellant.

*Richman & Carskadden* for the appellees.

MILLER, J. — I. The appellant assigns three errors, two of which are presented in his argument. Only those presented will be considered. *Shaw* v. *Brown*, 13 Iowa, 508; *Wilson* v. *Hillhouse*, 14 id. 199.

1. PRACTICE: assignment of errors.

II. The first error urgea in argument is, that "the verdict is contrary to and not supported by sufficient evidence." The only question of fact in issue was in respect to the execution of the note by defendants. The signatures to the note being denied under oath the burden of proving them devolved on the plaintiff. Rev. of 1860, § 2967, as amended by act of 9th Genl. Assem. ch. 28, § 2; 2 Greenl. Ev., § 163.

2. —— new trial.

The evidence is conflicting, with a very strong preponderance in favor of the verdict. Where the evidence is conflicting, and the court below which heard the evidence, with full opportunity for observing the manner and appearance of the witnesses, has overruled appellant's motion for a new trial on that ground, this court will not interfere. *Devin* v. *Harris*, 3 G. Greene, 186; *Winfield* v. *The State*, id. 339; *Hall* v. *Hunter*, 4 id. 539; *Gordon* v. *Pitt*, 3 Iowa, 385; *State* v. *Elliott*, 15 id. 72; *Pilmer* v. *The Branch of State Bank, etc.*, 19 id. 112; *Donaldson* v. *M. & M. R. Co.*, 18 id. 280; *Havelick* v. *Havelick*, id. 414; *Brockman* v. *Berryhill*, 16 id. 183.

III. The remaining error noticed in argument is, that "the court misdirected the jury as to the law governing the case, in respect to the signatures to the note, as contained in its sixth instruction to the jury.

3. —— exceptions to instructions.

The record fails to show that any exception was taken to this instruction at the time. It is true the appellant, in his motion for a new trial, assigned the giving of this instruction as ground for a new trial, and he excepted to the overruling of his motion. This, however is not sufficient. An exception to an instruction given or refused must be

taken at the time. Rev., § 3106; *Perkins* v. *Whittam et al.*, 14 Iowa, 596; *Beasom* v. *Jonason*, id. 399; *Darrance* v. *Preston*, 18 id. 396; *Norton* v. *Swearengen*, 19 id. 566, and cases there cited.

There having been no exception taken to the instruction at the time, there is no question presented thereon for our determination. The judgment of the court below is

Affirmed.