## ALLEN v. BIDWELL.

Amendment: IN VACATION. An amendment filed in vacation, without leave of court and without notice to the opposite party, may be stricken from the files on motion.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, SEPTEMBER 18.

REPLEVIN for a stock of merchandise kept in the store of defendant. There was a trial to the court without a

Allen v. Bidwell.

jury, and judgment for defendant. Plaintiff appeals. The facts necessary for an understanding of the points ruled will be found in the opinion.

*Rivers & St. John* for the appellant.

*Smith & Cook* for the appellee.

BECK, Ch. J. — I. The plaintiff, in his petition, claims possession of the goods under a chattel mortgage, executed by defendant to Isaac Kuhn, to secure two promissory notes executed to Kuhn by defendant, and indorsed to plaintiff. The petition was filed June 24, 1871. On the 18th day of July, 1871, defendant filed his answer setting up that the notes' were given without consideration and obtained from him through fraud of the payee. He also alleges that Kuhn is the real owner of the notes, and that plaintiff holds them as collateral security upon a debt due him from Kuhn. On the 26th day of September, 1871, being in vacation, defendant filed another answer without leave of court or notice to plaintiff, which alleges, substantially, the same defense as the first answer but in different language. Certain interrogatories are annexed to this answer, to be propounded to plaintiff, the answers to which were intended to draw from plaintiff the nature of his interest in the note and the circumstances under which he acquired it. This answer was verified by defendant, and there was filed with the interrogatories, the affidavit required by Revision, section 2991, whereby a failure to answer operates to sustain the defense pleaded. On the 5th day of October, plaintiff filed his sworn replication, in general terms, denying the allegations of defendant's answer. On this day, being in term of the court, the parties agreed to try the case before the judge in vacation on the 12th day of October, 1871. On the day fixed by the agreement of the parties, a trial was had before the judge at chambers. After the evidence was fully submitted, the

attorney of defendant in his argument claimed that judgment should be rendered against plaintiff upon the defense pleaded, on the ground that the interrogatories filed with his answer had not been answered by plaintiff, and for this reason the defense pleaded must be considered as sustained. Plaintiff's counsel thereupon claimed that he had not seen the interrogatories and had no knowledge thereof, and asked leave to file a motion to strike them and the answer to which they were attached from the files, on the ground that they were filed in vacation, without notice to plaintiff and without leave of the court. The court overruled plaintiff's application and motion on the ground that there was no rule in his judicial circuit preventing parties from filing amendments to pleadings in vacation, or requiring notice, other than entry thereof, in the appearance docket ; or requiring leave of the court to be first obtained for the filing of such papers. To this ruling plaintiff's attorney duly excepted.

Plaintiff should have been permitted to move to strike the amendment filed without leave of court and without notice to the opposite party. The right of a party to amend a pleading is not absolute and unconditional; it may be denied or allowed for sufficient reasons in the exercise of the lawful discretion of the court. *Brockman* v. *Berryhill*, 16 Iowa, 183 ; *The State ex rel. Floyd* v. *The Mayor of Keokuk*, 18 id. 388. It can be exercised only with leave of the court except in cases provided for by this statute. While amendments are favored under our system of procedure, yet they are to be made, except in one instance, upon permission of the court. Rev., § 2977. A plaintiff may amend his petition, without leave, at any time before answer is filed, upon giving proper notice thereof to defendant. § 2975. Defendant's amended answer was improperly filed, and for that reason should have been stricken from the files on proper motion. Such a motion plaintiff's counsel should have been permitted to

make. The absence of any court rule upon the subject left the law as we have above stated it. Whether it would be competent for the court by rule to provide for the filing of amended pleadings in vacation, without leave, we do not determine.

The other questions presented in the case need not be considered. For the error above pointed out the judgment of the circuit court must be

Reversed.