## WILEY v. GRISWOLD ET AL.

1. **Evidence:** DECLARATIONS: CONTRACT. W., a miner in the employ of G., who had been enjoined from the prosecution of his business, sought to recover under an alleged special contract, by the terms of which his wages were to go on during the continuance of the injunction. G. denied the existence of the contract, and it was *held,* that his declarations, to the effect that the "time of all his employes should go on" the same as if they were working, were competent evidence to corroborate the testimony of W.

2. ———: DECLARATIONS OF PARTNERS. In such an action against a firm, the several declarations of the partners are admissible, for the purpose of showing the undertakings of the firm respecting their employes.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 21.

PLAINTIFF alleges that on the 13th day of April, 1872, he was in the employment of defendants, who were partners, mining in certain lead mines in Dubuque county, and receiving wages at the rate of two dollars a day. That on that day the defendants, at the suit of one Jaeger and others, were enjoined from further prosecuting their mining operations. That the defendants requested plaintiff not to engage in work elsewhere, but to hold himself in readiness to work for defend-

ants at the first moment they should be able to resume work, and promised to continue the payment of him, during the time he should so hold himself in readiness. That plaintiff, relying upon the promises of defendants, did hold himself in readiness to resume work, and refrained from making engagements elsewhere, from the 13th of April to the 1st day of September, 1872, during which time defendants did not succeed in resuming the prosecution of said work. That defendants have refused to pay plaintiff for said time. Plaintiff asks judgment for the sum of $240.00. The defendants deny the allegations of the petition, and allege that during the time named in the petition plaintiff engaged in work for other parties on his own account, without notifying defendants, and without their consent.

There was a jury trial, and a verdict and judgment for plaintiff for $99.19. Defendants appeal.

*H. T. McNulty,* for appellants.

*Fouke & Chapin,* for appellee.

DAY, J.—I. Including plaintiff, there were nine men in the employment of defendants at the time the work ceased on 1. EVIDENCE: account of the injunction. Plaintiff was permitdeclarations: ted to prove declarations of the defendants, that contract. all the men's time should go on the same as if they were working. Defendants claim that the suit is brought upon special contract with plaintiff to pay him for his time, and that, to succeed upon the allegations of his petition, plaintiff must prove the contract as laid, and that proof of conversations about paying the laborers generally is incompetent. Defendants deny in their answer, and as witnesses, that they made any agreement to pay plaintiff for the time he might remain idle. Proof of their declarations that the time of all the men, of whom plaintiff was one, should go on, tends to corroborate the testimony of plaintiff, that they agreed to pay him, and for that purpose it is competent, and was properly admitted.

II. The plaintiff introduced as a witness one John Mulgrew, who was in the employment of defendants when the

work ceased, and who testified to a conversation with Griswold, one of the defendants, in which he said the men should all be paid during the time they were idle. Upon cross-examination defendants asked this witness the following questions: "Did you, subsequent to that evening of meeting Griswold, agree with the opposite parties, that if they would pay you more than Griswold & Co. offered to pay you, that you would go on their side, and abandon the side of Griswold & Co.?" "Did you make a subsequent agreement with Jaeger & Co., for a bigger price than Griswold & Co. were paying you, for going on Jaeger's side, and did you go?" "Were you not holding yourself out to be bid for between Jaeger & Co. and Griswold & Co., and offering to go into the service of the party who paid you most?"

The defendant introduced W. H. Austin, one of the defendants, and asked him the following questions: "State if Mulgrew, about the time of the conversation spoken of on Main street, stated to you in substance that he was ready to sell out to the man that would pay him the best price?" "Do you know from your own knowledge, or from what you saw, that Mulgrew did enlist on the side of Jaeger & Co.?"

These questions were all objected to as incompetent and immaterial, and excluded. In this there was no error. However competent this evidence might be in a like action of Mulgrew for pay for his time, it certainly has no bearing upon the controversy between these parties.

III. The plaintiff was permitted to prove the separate declarations of the several defendants, as to the arrangement between the defendants and their workmen, respecting their pay for the time they should remain idle. In this there was no error. The defendants are shown to be partners, and their declarations were admissible for the purpose of showing the undertakings of the firm towards their employes. See 1 Greenleaf on Evidence, sections 174, 176.

*2. ——: declaration of partners.*

These are the only errors which have received any attention in the argument of appellant, and hence they are the only ones that we consider. *Snyder v. Eldredge*, 31 Iowa, 129, and cases cited.

AFFIRMED.