# IN THE COURT OF APPEALS OF IOWA

No. 22-0587
Filed January 25, 2023

**SCOTT D. OLSON,**
          Plaintiff-Appellee,

**vs.**

**BNSF RAILWAY COMPANY,**
          Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

A railroad company appeals the denial of its new trial motion due to

omission of a question on the trial verdict form, among other challenges.

**REVERSED AND REMANDED.**

David J. Schmitt of Lamson Dugan & Murray LLP, Omaha, Nebraska, and

Daniel A. Haws of Haws-KM, P.A., St. Paul, Minnesota, for appellant.

Christopher H. Leach of Hubbell Law Firm, LLC, Kansas City, Missouri, and

Adam W. Hansen of Apollo Law Firm, Minneapolis, Minnesota, , for appellee.

Heard by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**VAITHESWARAN, Presiding Judge.**

Scott Olson was injured while employed by BNSF Railway Company. Olson sued BNSF under the Federal Employers' Liability Act.[1] A jury found in his favor and awarded significant damages. BNSF filed a motion for new trial. The district court denied the motion. On appeal, BNSF raises several challenges, including a challenge to the omission of a question on the verdict form. We find that issue dispositive.

The issue arose as follows. The jury was instructed that Olson would have to prove the following propositions:

1. Defendant was negligent.

2. Defendant's negligence was a cause in whole or in part of the plaintiff's damages.

3. The nature and extent of damage.

The instruction further stated: "If the plaintiff has failed to prove any of these propositions, then he is not entitled to damages. If the plaintiff has proved all these propositions, then he is entitled to damages." *See Snipes v. Chicago, Cent. & Pac. R.R. Co.*, 484 N.W.2d 162, 164 (Iowa 1992) ("Recovery under the FELA requires an injured employee to prove that the defendant employer was negligent and that the negligence proximately caused, in whole or in part, the accident.").

The jury received another instruction defining "negligence" as "the failure to use ordinary care." The jury also received an instruction defining "fault" as "one or

---

[1] The Federal Employers' Liability Act "predates the wide passage of workers' compensation statutes and enables injured railroad workers to sue their railroad employers under federal law for negligence." *Giza v. BNSF Ry. Co.*, 843 N.W.2d 713, 719 n.4 (Iowa 2014) (citation omitted).

more acts or omissions towards the person of the actor or of another which constitutes negligence or unreasonable failure to avoid an injury." Although the elements Olson was required to prove did not incorporate the concept of "fault," that term replaced "negligence" in the verdict form.[2]

The verdict form began with the following question:

Question No. 1: Was the fault of the defendant a cause of any item of damage to the plaintiff?

Answer "yes" or "no."

The form proposed by BNSF began with a different question: "Was the Defendant BNSF at fault?" The proposed form also contained the following language after the question: "[If your answer is "no," do not answer any further questions.]."

BNSF argues that, without the first question, the jury never had "an opportunity to determine whether BNSF was negligent" and potentially "find BNSF [] *not* negligent." Olson responds with an error-preservation concern. He contends BNSF failed "to object to the verdict form on the grounds asserted in its motion for new trial and here on appeal." BNSF agrees but argues *Whitlow v. McConnaha*, 935 N.W.2d 565 (Iowa 2019) authorizes consideration of the omission on the verdict form notwithstanding the absence of a formal objection.

*Whitlow* indeed states a claimed error in a verdict form is preserved where, "notwithstanding [a] failure to object . . . [(1) the party] had proposed the correct form, [(2)] all counsel and the court overlooked the error in the verdict form . . . and

---

[2] The parties discussed "fault" and "causal fault" during the jury instruction conference, but neither side objected to use of the term "fault" in the verdict form when the proof-of-elements instruction used "negligence."

[(3) the party] timely moved for a mistrial or new trial." 935 N.W.2d at 569 n.4. That is precisely the situation here.

Both sides submitted proposed jury instructions with variants of the omitted question. Although BNSF's proposal referred to "fault" and Olson's referred to "negligence," the import was the same: the jury had to make a predicate finding that BNSF was negligent before proceeding to the question of causation.

Neither side sought to modify this language during the jury instruction conference. While the parties agreed to add language to the causation element, they left the threshold element of BNSF's negligence intact. It is clear, then, that the omission of the negligence element on the verdict form submitted to the jury was an oversight, just as it was in *Whitlow*. We proceed to the merits.[3]

"The scope of our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion." *Jack v. Booth*, 858 N.W.2d 711, 718 (Iowa 2015). BNSF argues that the verdict form was erroneous. *See* Iowa R. Civ. P. 1004(8) (authorizing relief for "[e]rrors of law occurring in the proceedings"). We review the denial of a motion for new trial on this ground for errors of law. *See Rivera v. Woodward Resource Ctr.*, 865 N.W.2d 887, 891–92 (Iowa 2015). We "reverse when instructions are misleading and confusing." *Id.* at 902. "We have said an instruction is misleading or confusing if it is 'very possible' the jury could

---

[3] We are cognizant of Iowa Rule of Civil Procedure 1.924, which states in part, "all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds" and "[n]o other grounds or objections shall be asserted thereafter, or considered on appeal." *Whitlow* did not make reference to the rule, presumably because the jury-instruction issue concerned an undisputed mistake on an accepted verdict form rather than a question of whether an instruction should or should not have been given.

reasonably have interpreted the instruction incorrectly." *Id.* (quoting *McElroy v. State*, 637 N.W.2d 488, 500 (Iowa 2001)).

As discussed, the jury instructions required Olson to prove that BNSF was negligent. The verdict form omitted a question on this element. Had the jury been afforded the opportunity to answer the question and had the jury answered the question in the negative, there would have been no determination of causation and no determination of damages. Omission of the question amounted to legal error.

In reaching that conclusion, we have considered the jury's obligation to read the instructions as a whole. *See Giza*, 843 N.W.2d at 726 (noting the "concept was adequately conveyed by the instructions taken as a whole"). The instructions apprised the jury that negligence was an element to be proved, not that it was an element to be presumed. While Olson argues the element was incorporated into the causation determination, the instructions provided otherwise, stating Olson's failure to prove one of the elements would preclude receipt of damages.

Instructional errors do not merit reversal unless prejudice results. *Rivera*, 865 N.W.2d at 892 ("Prejudice occurs and reversal is required if jury instructions have misled the jury, or if the district court materially misstates the law."). BNSF was prejudiced by the jury's award of damages without a predicate finding of negligence. *See, e.g.*, *Whitlow*, 935 N.W.2d at 570–72 (affirming grant of new trial where verdict form prevented jury from considering negligence of second tortfeasor).

We recognize the jury ruled out Olson as a cause of any damages, a finding that, in Olson's view, clarifies the jury's intent to establish "causal fault" in BNSF alone. But negligence and causation are separate elements. Had the jurors been

given the option of finding BNSF not negligent, they might not have reached the "causal fault" question or the question of how "causal fault" should be allocated between the parties. The additional findings, then, did not mitigate the error in omission of the negligence/fault question. Because it is "very possible" the jury could have interpreted the verdict form incorrectly, we reverse the denial of BNSF's new trial motion and remand for a new trial.

As noted at the outset, BNSF raises other arguments on appeal. "Because we are not convinced that most of BNSF's remaining appellate issues will arise on remand, we will not address them." *Giza*, 843 N.W.2d at 726.

**REVERSED AND REMANDED.**

Ahlers, J., concurs; Buller, J., concurs specially.

**BULLER, Judge** (concurring specially).

I concur in the judgment in this matter, which requires this case be remanded for a new trial. I agree with the majority that the footnote in *Whitlow v. McConnaha*, 935 N.W.2d 565, 569 n.4 (Iowa 2019), appears to control our resolution of the error-preservation question. But I have serious reservations about *Whitlow* and whether it should apply as broadly as the language in the supreme court's footnote suggests. If writing on a blank slate, I would not embrace *Whitlow* and would instead enforce our longstanding principles of error preservation and rules of civil procedure.

In *Whitlow*, the district court granted a new trial on the basis of a defective and incomplete verdict form. 935 N.W.2d at 568–69. In short, the jury only returned an answer as to liability for one of multiple defendants, and thus the verdict did not fully resolve the issues presented. *Id.* Neither party nor the district court noticed the problem before the jury was discharged and the appellant sought review of a subsequent new-trial grant. *Id.* Our court reversed the verdict as to both defendants and, on further review, the supreme court reversed only as to one. *Id.* at 570–72.

The error-preservation discussion in *Whitlow* was relegated to a footnote, where the supreme court found error was preserved "notwithstanding [the plaintiff's] failure to object to the erroneous verdict form. She had proposed the correct form, all counsel and the court overlooked the error in the verdict form proposed by [the defendant] and submitted by the court, and [the plaintiff] timely moved for a mistrial or new trial." *Id.* at 569 n.4. From this language, the defendant here proposes the three-part test implemented by the majority, allowing litigants to

bypass error preservation when (1) the party proposed the correct form of verdict; (2) counsel and the court overlooked error in the verdict form; and (3) the party timely moved for a mistrial or new trial. *See id.* I do not fault the majority in its application of the three-part test, but I feel compelled to share my concerns about the long-term ramifications for such a rule, which I believe to be incompatible with longstanding principles of error preservation embodied in our case law and the plain language of the rules of civil procedure.

"Error preservation is a fundamental principle of law with roots that extend to the basic constitutional function of appellate courts." *State v. Harrington*, 893 N.W.2d 36, 42 (Iowa 2017)). In Iowa, this requirement dates back to the founding and has been repeatedly and recently reaffirmed. *See, e.g., State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999); *Danforth, Davis & Co. v. Carter*, 1 Iowa 546, 553 (1855). Preserving error is likely constitutionally required. *See* Iowa Const. art. V, § 4 ("The supreme court . . . shall constitute a court for the correction of errors at law . . . ."); *State v. Tidwell*, No. 13-0180, 2013 WL 6405367, at *2 (Iowa Ct. App. Dec. 5, 2013) (McDonald, J.) ("If a litigant fails to present an issue to the district court and obtain a ruling on the same, it cannot be said that we are correcting an error at law.").

The supreme court has set out some of the purposes for the error-preservation rules, which bear repeating:

> Error preservation is important for several reasons: (1) it affords the district court an opportunity to avoid or correct error that may affect the future course of the trial; (2) it provides the appellate court with an adequate record for review; and (3) it disallows sandbagging—that is, it does not "allow a party to choose to remain silent in the trial court in the face of error, tak[e] a chance on a favorable outcome,

and subsequently assert error on appeal if the outcome in the trial court is unfavorable."

*State v. Crawford*, 972 N.W.2d 189, 199 (Iowa 2022) (citation omitted). I am concerned that our application of the *Whitlow* footnote is contrary to these purposes and invites mischief in this and future litigation.

I believe the *Whitlow* footnote, at least as applied to this case, cannot be reconciled with these principles or other controlling precedent. First, the district court had no opportunity to correct the error in the verdict form here. The first time the defendants raised their concern was after a verdict had been returned and in their motion for new trial. Since before the adoption of the current Iowa Constitution, our case law has held this is "too late" to raise a new claim. *Gordon v. Pitt*, 3 Iowa 385, 390 (1856); *accord Olson v. Sumpter*, 728 N.W.2d 844, 848-49 (Iowa 2007); *Spry v. Lamont*, 132 N.W.2d 446, 451 (Iowa 1965).

Second, we have no relevant record to review regarding whether the district court would have corrected this error if timely faced with it. Instead, we have to Monday-morning quarterback the proceedings from the comfort of appellate briefing. *See Loehr v. Mettille*, 806 N.W.2d 270, 278 (Iowa 2011) (recognizing denial of a new-trial motion does not bypass error-preservation concerns because "a party loses its *right* to a new trial if it neglects timely error preservation," even though the district court may have had discretion to nonetheless grant the motion).

Third, the defendants were allowed to sandbag. *See State v. Ostby*, 210 N.W. 934, 937 (Iowa 1926) (holding parties may not "sit by and permit" error until after submission to the jury; "[t]his would be, in effect, gambling on the result of a verdict, which cannot be tolerated"). Even if we give these defendants the benefit

of the doubt and assume they did not notice the error in the verdict form until after the verdict had been returned, the incentive remains for future litigants to sit silently, gamble on a favorable outcome, and take a relatively easy appeal if the verdict does not go their way.

As applied to this case, the practical effect of the *Whitlow* footnote is that a multi-million-dollar jury verdict will be set aside on the basis of an error that was never urged at a time when it could still be corrected.  Put more crassly, the defendants will reap the benefit of their counsel's failure to adequately review the jury instructions and forms of verdict during trial, while the plaintiffs must now bear the financial and emotional costs of appeal, retrial, and potentially still more appeals down the road.

The practical consequences in other classes of cases are even more concerning.  The *Whitlow* footnote does not limit its application to civil cases, so it is possible that it will next be applied to criminal litigation.  There, Double Jeopardy is a concern, *see* U.S. Const. amend. V; Iowa Const. art. I, § 12, and it is entirely possible the State will be barred from retrial when criminal defendants rely on *Whitlow* to raise issues for the first time on appeal.  This perverts notions of fair play even more than the outcome here.

As far as my research can find, no other state with an error-preservation requirement has crafted an exception comparable to *Whitlow*.  Those that do allow limited appellate review of verdict-form errors without preservation do so for plain error.  *See, e.g.*, *State v. Madigosky*, 966 A.2d 730, 736–37 (Conn. 2009); *Lewis v. State*, 152 S.W.3d 325, 327 (Mo. Ct. App. 2004); *State v. Jackson*, 38 N.E.3d 407, 433 (Ohio Ct. App. 2015).  But our supreme court has "repeatedly rejected

plain error review and will not adopt it now." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021). I am not aware of any doctrinal grounding in Iowa law or practice that can sustain *Whitlow*.

Finally, the majority correctly notes that the supreme court in *Whitlow* did not address Iowa Rule of Civil Procedure 1.924, which provides:

> Within such time [before "arguments to the jury"], all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal.

Iowa R. Civ. P. 1.924. I am not sure why *Whitlow* did not address this rule, but I see no easy way to square the footnote with the rule's plain text. If it were not for the *Whitlow* footnote seemingly bypassing the rule, I would enforce rule 1.924 here and affirm the judgment, finding the instructional issue unpreserved or waived.

Unless and until the supreme court revisits *Whitlow*, I am compelled under stare decisis to join the majority. Here, that means reversal and remand for a new trial, even though the defendants sat silently through error below.