## NOEL v. DUBUQUE, BELLEVUE & MISSISSIPPI R. CO.

1. **Practice**: VERDICT: REDUCTION OF AMOUNT. Where the verdict in an action for damages is deemed by the court excessive, it may impose upon the successful party the alternative of accepting a reduced amount, or of submitting to a new trial.

2. ———: ———: ———. Upon the return of a verdict the court ordered the amount to be reduced, but refused to grant a new trial, upon the refusal of the successful party to accept the amount named, whereupon it was *held* that the Supreme Court might remand the case with directions that the party recovering be allowed to accept the sum first fixed by the court or that, in the event of his refusal, the verdict be set aside. BECK, J., *dissenting.*

*Appeal from Dubuque Circuit Court.*

THURSDAY, OCTOBER 5.

THIS is an appeal to the Circuit Court from an assessment of damages by a sheriff's jury, for the right of way through plaintiff's land. In the Circuit Court the jury returned a verdict for plaintiff for the sum of $1,530.

The defendant filed a motion to set aside the verdict and for a new trial, on the ground that the damages are excessive. The court overruled the motion, but reduced the damages to $1,000, and rendered judgment against defendant for costs. At the time of making said order, the plaintiff by his counsel requested the court to state the amount of damage to which plaintiff would be entitled, and to order that if said sum of $1,000, or the reduced sum fixed by the court, was not accepted by the plaintiff as satisfaction of the damages claimed, that a new trial be granted. The court refused this request, and directed an entry to be made reducing the damages to the sum of $1,000.

To this action of the court plaintiff excepted. The defendant also excepted to the order of the court refusing to grant a new trial.

Both parties appeal, but we understand the plaintiff alone to insist upon a reversal.

*T. S. Wilson* and *Pollock & Shields*, for plaintiff.

*S. P. Adams* and *Shiras Vanduzee & Henderson*, for defendant.

DAY, J.—The action of the court, it seems to us was clearly erroneous. The plaintiff has the right to have the amount of his damages assessed by a jury. He is under no obligation to accept the determination of the court upon that question. True, the court has rights which he may exercise, and duties which he should perform.

If satisfied that the verdict is so excessive as to appear to have been given under the influence of passion or prejudice, it is both his right and his duty to set it aside and grant a new trial. If satisfied that the verdict ought not to stand because of its excessiveness he may fix upon an amount deemed reasonable, and may give the successful party the option to accept that sum, or submit to the setting aside of the verdict, and the granting of a new trial. This is a very common practice, and it has been sanctioned by this court. See *Brockman v. Berryhill*, 16 Iowa, 183. But we know of neither principle nor precedent, which justifies the *nisi prius* court in fixing upon an arbitrary sum, less than the verdict of the jury, and saying to the successful party, you must accept that. No authority has been cited by defendant to sustain this action.

As the court below, under the evidence submitted, thought the damages excessive, but that plaintiff was entitled to $1,000, the cause will be remanded with directions to give the plaintiff the option of accepting that sum, and, in the event of his refusing to do so, that the verdict be set aside and a new trial granted.                                         REVERSED.

BECK, J., *dissenting*.—I concur in the conclusion announced in the foregoing opinion that the action of the Circuit Court, in rendering judgment for a sum less than the verdict, is erroneous, and that the case must be reversed. But I dissent from the other conclusion that the cause must be remanded with leave for plaintiff to accept a judgment of $1,000, and, in case of

his refusal to do so, then the verdict to be set aside and a new trial to be granted. There would be ground for this order if the court below had expressly found the verdict excessive, and that $1,000 is the true amount of plaintiff's damages. There are no such findings in the record. Neither did the court find that justice required a new trial in case the verdict was not reduced to $1,000. To warrant the court below in setting aside the verdict all these conclusions of fact should have been found. It is not competent for us to find them or to direct the court below to proceed as though they had been found.

The action of the Circuit Court in rendering the judgment for $1,000 was unauthorized, and without cause found or assigned which appears in the record. Surely such erroneous action can raise no presumption that the Circuit Court did find the facts upon which, alone, the proceedings required by the order of this court, provided for in the foregoing opinion, may be had upon the case being remanded.

In my opinion the judgment of the Circuit Court should be reversed and the cause remanded, with directions that judgment on the verdict as rendered be entered.