VAN WINTER v. HENRY COUNTY.

1. **Practice:** INSTRUCTIONS: MANNER OF PRESENTING CAUSE TO JURY. Where the court, in instructions concise, compact and easily understood, calls the attention of the jury to the material questions in dispute, and plainly indicates the matters which should be considered by them, this is sufficient, though there may be a failure to group in the instructions all the facts which tend to prove a matter of defense; and where instructions are so given, it is not reversible error for the court to refuse to give other instructions asked, which claim to group all the facts, but which are somewhat prolix, and calculated to confuse an ordinary juror, instead of presenting the questions to be determined in a clear and forcible manner.

2. **Negligence:** WORK DANGEROUS IN ITSELF: LIABILITY OF OWNER AND CONTRACTOR: RULE STATED. Where work is contracted to be done which is not of itself dangerous, but becomes so by the negligence of the contractor, the employer is not liable for injuries resulting therefrom; but if the work is dangerous of itself, unless guarded, and the employer makes no provision in his contract for its being guarded, and does not make a proper effort to guard it himself, then he is negligent, and cannot escape liability on the ground that the work was done by a contractor. See *Wood v. Independent District of Mitchell*, 44 Iowa, 27.

3. **Practice:** EXCESSIVE DAMAGES: REDUCTION BY COURT: NEW TRIAL. Where the court considers the damages excessive, and a new trial is asked on that ground, it need not at all events grant a new trial, but may reduce the damages to a reasonable sum, upon the acceptance of which a new trial may be denied; and in such case the only question for the appellate court, so far as the defendant is concerned, is whether the damages as reduced are still excessive.

4. **Damages:** BROKEN ARM: NOT EXCESSIVE. Where, through defendant's negligence, plaintiff suffered a compound fracture of the left arm, and a partial dislocation of the elbow, impairing the use of the arm for life, and rendering it quite painful at certain seasons, *held* that a verdict for $4,000 was not excessive.

*Appeal from Des Moines District Court.*

WEDNESDAY, OCTOBER 17.

THE petition states that the defendant was engaged in repairing a bridge over a creek on a public highway. "That a certain grade was made by the defendant approaching said bridge, which led on to certain plank or timber work approaching to and north of said bridge proper, it being intended that the intermediate space should be filled with earth, which, however, was not done, and that the land was in such condition as to leave an offset or precipice over the end of said plank or trestle work approach, of the height of from eight to twelve feet, the same being on the south end of said plank or frame approach, being so by the county erected * * * * * * and being an impediment and obstruction in said highway * * * * * *. That defendant failed and neglected to provide any guard or protection, or any barrier or obstruction, or in any manner warn the public * * * * * as in duty bound

to do, and that defendant was grossly negligent in the premises," and that because of the negligence, as above stated, the plaintiff, without fault on his part, while traveling on the public highway, fell from said plank or trestle work, whereby he was greatly injured and damaged. The defenses relied on are sufficiently stated in the opinion. Trial by jury, verdict for the plaintiff for $6,000, which the court reduced to $4,000, and rendered judgment therefor. The defendant appeals.

*Woolson & Babb*, for appellant.

*Amblers & Campbell* and *Hall & Huston*, for appellee.

SEEVERS, J.—We understand the undisputed facts to be, that plaintiff and one Votaw left Iowa City in the evening with a horse and buggy, and reached the place where the accident occured about three o'clock at night, it being then quite dark. The bridge proper over the creek is about sixty feet long. There was at the time of the accident a steep earth embankment at each end, enabling travelers to pass over the bridge, but there were one or more fords over the creek, which were used to some extent instead of the bridge. North of the bridge, and about ninety feet distant, was a trestle work sixty feet in length and eight or ten feet high. The space between the bridge and trestle work, and at the opposite approach to the latter, was intended to be filled with embankments of earth. This had not been done, and no one could for that reason pass from the bridge over the trestle work. The county made a contract with certain parties to construct the approach to the trestle work, and also to fill the space between it and the bridge, so that travel could pass over both.

The contractors, at the time of the accident, in the performance of this work had to an extent constructed the approach to the north end of the trestle work, but had done nothing between it and the bridge. The plaintiff and Votaw passed from the travelled road on to such approach, and passed along

the same a short distance, when the horse stopped, or was stopped, and the plaintiff got out of the buggy for a necessary purpose, when he claims to have discovered the earth was soft and uneven, and he remarked to Votaw that they were working the road, and that he would walk on and ascertain its condition. He did so, and passed upon and over the trestle work to the farther end, from which he fell to the ground, a distance of from seven to ten feet, and broke and dislocated his arm. There are some controverted questions which will be, so far as necessary, referred to hereafter.

I. The defendant insists that the court erred in refusing certain instructions asked in relation to contributory negligence. There are nine of said instructions, and

**1. PRACTICE: instructions: manner of presenting cause to jury.** they are quite lengthy. If set in this opinion, nearly or quite four pages of the reports would be occupied thereby. We do not think it essential, or that we would be justified in occupying so much space, and yet it is difficult to write even to ourselves a satisfactory opinion without doing so. Five paragraphs of the charge refer to and bear upon the question of contributory negligence. No objections are made thereto, except that it is said that all the facts which the evidence tended to prove are not grouped together in said instructions, while the instructions refused are, it is said, full and explicit in this particular.

There was evidence tending to show that the earth embankment, over which plaintiff traveled a portion of the way in the buggy, and walked the residue, was rough, uneven, and showed that the earth had recently been disturbed. The evidence also tended to show that the trestle work was from eight to eighteeen inches higher than the embankment, and it is insisted that the plaintiff must have discoverd these facts, and, therefore, if he had acted as an ordinarily careful and prudent man would have done, he would have proceeded cautiously, and, had he done so, the accident would not have occurred. The evidence was conflicting as to whether the trestle work was higher than the embankment. As we un-

derstand, counsel for the appellant insist that the omission of the court to specifically call the attention of the jury to the matters just stated, in the instructions given, and the refusal to give those asked, wherein said matters are grouped, constitutes prejudicial error. It is conceded that some of the instructions are equivalent to those refused. The charge of the court is quite full, and as explicit as is usual in this class of cases. Instead of grouping the facts above stated in the instructions given, the court therein said that to enable the plaintiff to recover he must use such care as a reasonably prudent and cautious person would have done under like circumstances, "taking into account the character of the night, as to danger or otherwise, the plaintiff's knowledge or want of knowledge of the road on which he was traveling, with all the facts and surrounding circumstances." The court further said to the jury: If the plaintiff "drove from the traveled track of the public highway upon a dirt fill which formed an approach to the trestle work, and in so doing ordinary care was not used, and such want of ordinary care contributed to the plaintiff's injury, he cannot recover." We are impressed with the belief that the instructions given fairly submitted to the jury the merits of this controversy. The charge of the court is concise, compact and readily understood, while the instructions asked are somewhat prolix, and their tendency would be to confuse an ordinary juror, instead of presenting the questions to be determined in a clear and forcible manner. It cannot be said to be reversible error if the court fails to group in the instructions every fact which the evidence tends to prove as constituting contributory negligence. It is sufficient if the court calls attention to the material disputed questions, and sufficiently indicates the matters which should be considered by the jury. This, we think, the court did. We have each of us separately read the evidence, instructions refused, and the charge of the court, and each of us has separately reached the conclusion that the defendant was not prejudiced by the refusal of the court to give the instructions asked.

Whether the plaintiff was guilty of contributory negligence was for the jury, and we cannot say that the finding is so manifestly wrong as to justify us in interfering with the verdict. It is said, the plaintiff left the traveled road and was not on it when the accident occurred. Concede this to be so, yet it was a question for the jury whether he was negligent in leaving the traveled highway, and whether the acts and conduct of the defendant had induced him to do so. The traveled highway must, to some extent, at least, have been changed or obliterated because of the construction of the embankment.

II. The defendant pleaded, and claims to have established on the trial, that the work of constructing the embankment was being performed under an independent contract, and that the defendants had no control or supervision over the contractor as to the manner in which the work should be done, and that it was not intrinsically dangerous and that, therefore, the defendant is not liable. Seven lengthy instructions bearing upon the foregoing propositions were asked and refused. We do not think it necessary to set them out.

*2. NEGLIGENCE: work dangerous in itself: liability of owner and contractor: rule stated.*

The ground of negligence stated in the petition was the failure to erect barriers. This was the material question in the case, for, if the county was not negligent in the particular named, then plaintiff was not entitled to recover, no matter how negligent the county may have been in other respects. The court instructed the jury, in substance, that if the work was done under a contract, and was not in any way controlled by the county, and was not used as a public highway, and did not interfere with the reasonably free and unobstructed use of the highway, and the injury was caused by the negligence of the contractor alone, then the plaintiff could not recover; but if, according to the plans, the embankment was intended to form a communication with the trestle work on both the north and south ends, and the north fill was made first, which, when connected with the trestle work, made it

dangerous to persons traveling along the highway, then the county would be liable, even if there was negligence on the part of the contractor, and that it would be the duty of the county to see that suitable barriers were erected.

The necessity for barricades did not exist until the earthwork was so far completed that travelers could pass from it to the trestle work. The county contracted for the construction of the embankment, leaving it discretionary with the contractor to commence where he did. If the earthwork was in such a state of completion that travelers could pass with reasonable safety therefrom to the trestle work, (and this was a question for the jury,) then we think the failure to erect barriers was negligence, for which the county is liable. The contractor had no control over the trestle work, and it is exceedingly doubtful whether he had authority to erect a barrier thereon, but conceding that he had, we think the question whether or not the work was dangerous was properly submitted to the jury. The simple construction of the embankment can hardly be said to have been a dangerous work. But we think the county was bound to know that it might become so if the contractor proceeded as he did. The embankment was apparently, or at least, the jury were authorized to so find that it was, a continuation of the traveled highway, and, when connected with the trestle work, the whole formed an approach to the bridge. Any one passing along the trestle work in the night time was liable to fall therefrom, as the plaintiff did. In effect, there was an excavation at the south end of the trestle work, which made the work the county contracted to have constructed, as the same was done, dangerous to travelers in the night time, who might be passing along the highway. In fact, we are at a loss to know how the embankments could have been constructed and not been dangerous, unless both embankments were constructed at the same time. This would have been unusual, and the county, in the absence of provisions in the contract to that effect, had no right to anticipate that it would have been so done. The rule we understand to be that, "where work is contracted to be done which

is not of itself dangerous, but becomes so by the negligence of the contractor, the employer is not liable for injuries resulting therefrom; but if the work is dangerous of itself, unless guarded, and the employer makes no provision in his contract for its being guarded, and does not make a proper effort to guard it himself, then he is negligent, and cannot escape liability on the ground that the work was done by a contractor." *Wood v. The Independent School District of Mitchell*, 44 Iowa, 27. We think the instructions given are correct, and it therefore follows that those asked did not state the law correctly.

III. It is, however, said that the county is not liable because the earthwork and trestle had never been used for public travel. But it was being constructed for that purpose, and there must always be some person who first passes over a newly constructed or repaired highway. Unfortunately, the plaintiff was such person, and, as we have said, the jury were authorized to find that he was rightfully passing over both the earth and trestle work.

IV. It is said that several of the special findings of the jury are clearly against the evidence. This may be conceded, for, upon examining said findings, we find that they, under the issue, present immaterial questions. Besides, no sufficient error is assigned under which the point as to the special findings can be considered. It is further said that the verdict is against the evidence, and the damages are excessive. We cannot interfere with the verdict on either of these grounds. Upon some material questions there was a conflict in the evidence. It cannot be fairly said that the preponderance as to any of them was greatly in favor of the defendant. We think the jury were warranted in finding as they did.

The verdict was for $6,000, and the defendant filed a motion for a new trial upon the ground, among others, that the damages were excessive. The court concluded

3. PRACTICE: excessive damages: reduction by court: new trial.

that the motion was well taken in this respect, and reduced the verdict to $4,000. As the plaintiff does not complain of this action of the court,

it must be regarded in the same light as if the jury had assessed the damages at $4,000. It is, however, insisted that when the court determined that the damages were excessive, it should have granted a new trial. Citing *Noel v. D., B. & M. R. Co.*, 44 Iowa, 293. This case is not in point. The court, in substance, said to plaintiff: A new trial will be granted unless you accept the amount fixed by the court. This it was competent for the court to do. *Brockman v. Berryhill*, 16 Iowa, 183. The failure of the plaintiff to except to the action of the court and appeal had the effect above stated.

· As to the defendant, we think the only question is whether $4,000 is excessive. There was a compound fracture of the

4. DAMAGES: broken arm: not excessive.

plaintiffs left arm, and at least a partial dislocation of the elbow. The injury is permanent. As we understand, while there is a partial use of the arm, yet for many purposes the use of the arm is and will be greatly impaired during the plaintiff's lifetime. At certain seasons of the year it becomes quite painful. We do not think the damages are excessive. In *Lombard v. C., R. I. & P. R. Co.*, 47 Iowa, 494, the verdict for a broken leg was reduced from $4,000 to $2,500, but in that case there was no permanent injury. · The leg was as sound and strong as it ever was.

AFFIRMED.