75   539
.107   383

| 75   539 |
| 124   264 |

## HABLICHTEL v. YAMBERT *et al.*

1. **Conspiracy:** TO EXTORT MONEY : VOLUNTARY PAYMENT : PLEADING. A petition for damages for the extortion of money by a conspiracy stated that a note was first obtained, and that it was afterwards paid because of the continued existence of the fear excited by what was said to the plaintiff at the time the note was obtained. *Held* that the petition was not bad as showing a voluntary payment.

2. ———— : ———— : ———— : EVIDENCE. Where a note was obtained of the plaintiff through fear, by means of a conspiracy, and was paid three days afterwards, and there was evidence tending to show that it was agreed that plaintiff would get the money and pay the note within that time, and plaintiff testified that she paid through her continued fear, and she was a German, sixty-one years old, imperfectly acquainted with our language, and with no one to counsel her in the matter, *held* that the jury was justified in finding that the payment was made, not voluntarily, but through fear.

3. **Instructions:** REPETITION NOT REQUIRED. Where the court has fully and fairly charged the jury upon the issues, no prejudice results from a refusal to give a further instruction.

4. ———— : SPECIAL INTERROGATORIES : REFUSED AS IMMATERIAL. There is no error in refusing to submit special interrogatories, when the answers, however given, could not affect the general verdict.

5. ———— : CONSPIRACY : FORM OF VERDICT. In an action based upon a conspiracy, where the evidence tended to establish the alleged conspiracy, the court properly instructed that the verdict should be either for or against both of the defendants.

*Appeal from Linn District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, OCTOBER 18, 1888.

ACTION to recover damages of the defendants upon the ground that they entered into a conspiracy to extort money from the plaintiff, and, in pursuance of such conspiracy, did extort money from her. The material allegations of the petition were denied. Trial by jury, verdict and judgment for plaintiff, and defendants appeal.

*Chas. W. Kepler* and *Frank Fitzgerald,* for appellants.

*Rickel & Crocker,* for appellee.

SEEVERS, C. J.—I. It is insisted that no cause of action is stated in the petition, and therefore the court

1. CONSPIRACY: to extort money · voluntary payment : pleading.

erred in overruling a motion to arrest the judgment based upon this ground. Counsel, in their argument in support of the claim that no cause of action is stated, seem to rely on the fact that the defendants obtained a note for seven hundred dollars, which the plaintiff, three days afterwards, voluntarily paid, as is claimed. But this is not admitted in the petition. It is true, it is stated that the note was obtained and paid, but we understand the petition to state that the payment was because of the continued existence of fear, excited by what was said to the plaintiff at the time the note was obtained. That a cause of action is sufficiently stated in the petition to sustain the verdict, we have no doubt. The petition, possibly, should have been more specific as to whether the plaintiff paid the note through fear, excited by threats made when it was obtained, but as defendants failed to ask that it be made more specific, they cannot now complain of the want of particularity of the petition.

II. It is said that the verdict is contrary to two paragraphs of the charge, in which the jury were told

2. ——: ——: ——: evidence.

that the plaintiff could not recover unless she paid the note through fear, or if the plaintiff voluntarily gave or paid the note, but that in

Hablichtel v. Yambert.

order to recover, she must have been induced to give and pay in pursuance of the conspiracy. We have stated the substance of the instructions favorably to the defendants, and yet we are unable to concur in the proposition that there is no evidence upon which the verdict can be sustained, conceding the instructions to be, in effect, as we have stated. It is said there is no evidence tending to show that the plaintiff paid the note three days after it was executed, through fear, and in pursuance of a conspiracy. In considering this question it should be conceded that the note was obtained through fear and in pursuance of the conspiracy. Now, was the payment of the note induced by the same means? There was evidence tending to show that it was arranged or agreed that the plaintiff would get the money within the time stated, and pay the note, and it was for the jury to say whether this was a part of the conspiracy. The plaintiff testified that she paid through fright, or that she was frightened when she did so; and the evidence tended to show that such fright was caused by threats made when the note was obtained. We think it was for the jury to say, under all the circumstances, whether the plaintiff's evidence was true or not; and in determining this question it was material to consider that the plaintiff was about sixty-one years of age, and a German, imperfectly acquainted with our language, and that there was no person on whom she could rely for advice or assistance in relation to the matter.

III. It is said the court erred in refusing an instruction asked by the defendants. The matters relied on as showing the conspiracy are stated at length in the petition, and consist of false representations of several distinct matters, which show the conspiracy, and there was evidence tending to sustain the allegations of the petition. The evidence tended to show that it was represented to the plaintiff that one of the defendants had an affidavit in his possession which seriously affected a member of the plaintiff's family, or, rather, would exonerate a member of plaintiff's family from a serious charge, and

3. INSTRUCTIONS: repetition not required.

that such defendant might or would destroy such affidavit, and that plaintiff should obtain possession thereof. When the note was executed, the affidavit was given to the plaintiff, and the court was asked to instruct the jury that it should not be considered in determining whether the note was paid under fear or duress. This instruction was refused on the ground, we are justified in supposing, that the court in the charge had sufficiently instructed upon that question; and we feel constrained to hold that the case was fairly and sufficiently submitted to the jury in the charge of the court, and therefore the defendants were not prejudiced by the failure to give the instruction asked by them.

⟋ The defendants asked the court to submit certain special interrogatories to the jury, which the court refused, and did not err in so doing, for the reason that the interrogatories ask the jury to determine as to the existence of certain isolated facts, which, if answered either way, would not have affected the general verdict; and, conceding all of them as answered as the defendants desire, we are unable to see the materiality of the findings. It is said the court erred in instructing the jury that the verdict must be either against or for both defendants. This depends upon the question whether or not a conspiracy was established. The action was based on a conspiracy. If a conspiracy was not established, the verdict should have been for the defendants; but there was evidence, we think, tending to show a conspiracy. Whether it was sufficient was for the jury to say. The court did not err in instructing the jury as it did, and as we are unable to discover any error in the record, the judgment of the district court must be

<div style="margin-left:2em"><b>4. ——: special interrogatories: refused as immaterial.</b></div>

<div style="margin-left:2em"><b>5. ——: conspiracy: form of verdict.</b></div>

AFFIRMED.