B. P. HUDSON, Appellee, v. W. H. APPLEGATE & COMPANY *et al.*, Appellants.

1. Instructions to Jury: EVIDENCE: CUSTOM. In an action to recover for services in the purchase of hogs, the plaintiff alleged "that the reasonable value of such services, and the usual, uniform

and customary price for purchasing said hogs, was ten cents per hundred pounds." Four witnesses testified to the reasonable value of the services, and that there was a custom as to the prices paid for such service. *Held*, that this was sufficient evidence to warrant the submission of the issue to the jury.

2. Evidence: AFFIDAVIT FOR CONTINUANCE: USE OF ON SUBSEQUENT TRIAL. Where a motion for a continuance on the ground of the absence of a witness was accompanied by an affidavit, stating what the witness would swear to if present, and the adverse party, in order to avoid a continuance, consented that the affidavit should be read in evidence as the testimony of such witness, *held*, that such consent related to the pending trial, and that the affidavit was not admissible upon a subsequent trial, even though the mental condition of the witness was such, from the time a new trial was granted until his death, that his deposition could not have been taken.

3. Judgment on Verdict: REMITTITUR: ERROR WITHOUT PRE-JUDICE. Where in the opinion of the court a verdict is excessive, it has no power to render a judgment for a less sum than the verdict, without requiring the successful party to choose whether he will accept such less amount, or submit to a new trial. But an error in this respect is no ground for reversal upon the appeal of the unsuccessful party, it being in his favor.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

FRIDAY, FEBRUARY 3, 1893.

ACTION at law, in three counts, to recover for services in purchasing hogs for the defendants. A verdict was returned for the plaintiff for three thousand, seven hundred and eighty-five dollars and seventy cents; also certain special findings, which show that the verdict was rendered upon the second count of the petition. Judgment was entered on the verdict for three thousand, two hundred and sixty-one dollars and eighteen cents, with interest. The defendants appeal. —*Affirmed.*

*L. L. DeLano*, for appellants.

*H. G. Curtis*, for appellee.

GIVEN, J.—I. In his second count the plaintiff alleges "that the reasonable value of such services, and

**1. INSTRUCTIONS to jury: evidence: custom.** the usual, uniform, and customary price for purchasing said hogs was ten cents per one hundred pounds." The appellants contend that there was no evidence of the reasonable value of such services, nor of a custom or usage as to the commissions to be paid, in the absence of an express contract, and that the court therefore erred in submitting that cause of action to the jury. Four witnesses testified, not only to the reasonable value of the services, but also that there was a custom as to the prices paid for such services. It is insisted that these witnesses did not show a custom; that their statements were mere conclusions, and not facts; and that the instances related by them of prices paid were in pursuance of contract, and not of a custom. Concede that there was no evidence of a custom; there certainly was evidence of the reasonable value of such services. We think, however, there was evidence tending to show a custom, and that there was no error in submitting the issues joined on the second count to the jury.

II. This case was tried twice, and on the first trial the defendants moved for a continuance, on the ground of the inability of S. J. Applegate to be

**2. EVIDENCE: affidavit for continuance: use of on subsequent trial.** present, on account of sickness, to testify as a witness. The motion was accompanied by an affidavit stating what Mr. Applegate would testify if present, and the affidavit was read as the evidence of Mr. Applegate on that trial. On the second trial it was admitted that the mental and physical condition of Mr. Applegate had been such from the time a new trial was granted until his death that his deposition could not have been taken. Upon this admission the defendants offered said affidavit in evidence, to which the plaintiff objected, as incompe-

tent, and the objection was sustained. In *State v. Felter*, 32 Iowa, 50, this question was passed upon, and this court held as follows: "There was no error in excluding the affidavit. The only reason for requiring a party to admit that the witnesses, if present, would swear to the facts stated in the affidavit, is that he may have a trial at that term, and avoid a continuance. If for any other cause the case is continued, or trial had at a subsequent term, the reason, as well as the consideration for the admission made, ceases, and the necessity for using the affidavit also ceases, since the party then has ample opportunity to procure the attendance of the witnesses themselves, or their depositions." It is true that in that case the opportunity of procuring the evidence of the witnesses had not passed, as it had in this; but, as there said, the only reason for requiring a party to admit that the witnesses, if present, would swear to the facts stated in the affidavit, is that he may have a trial at that term and avoid a continuance. That reason did not exist at the second trial of this case. No continuance was asked, nor would one have been granted, on account of the absence of Mr. Applegate. Such affidavits would never be competent as evidence on a trial, in the absence of statutory provision making them so. Our statute makes them competent, under the admission of the adverse party, for the single reason of avoiding a continuance. None of the conditions that render such affidavits competent as evidence on the trial existed at the time of this second trial, and there was no error in the ruling of the court.

III. The judgment, after showing that the court overruled the appellants' motion to set aside the verdict and special findings, and for a new trial, recites as follows: "It is therefore ordered by the court that the plaintiff be, and is hereby, required to remit all of said

3. JUDGMENT on verdict: remittitur: error without prejudice.

verdict over the sum of three thousand, two hundred and sixty-one dollars and eighteen cents of the amount of the verdict heretofore rendered by the jury, and that judgment be rendered on said verdict for the said sum of three thousand, two hundred and sixty-one dollars and eighteen cents with interest at six per cent. from date of said verdict, April 17, 1891, and for costs of suit." Judgment was entered in favor of plaintiff for three thousand, two hundred and eighty dollars and twenty-one cents, and for costs, and an order for general execution, "to all of which rulings and orders each of the parties duly excepted, and to the judgment of the court defendants at the time excepted." One ground of the defendants' motion for a new trial was that the verdict was at least six hundred dollars excessive in amount. The court evidently found this to be true to the amount of five hundred and twenty-four dollars and fifty-two cents, and should have granted a new trial, unless the plaintiff elected to remit the excess. The court had no power to render judgment for a less sum than the verdict without giving the successful party the option of accepting such less amount or accepting a new trial. *Noel v. Dubuque, B. & M. R'y Co.*, 44 Iowa, 293; *Brown v. McLeish*, 71 Iowa, 381; *Brockman v. Berryhill*, 16 Iowa, 183. The order of the court was "that the plaintiff be, and is hereby required to remit." The action of the court in this respect was favorable to the defendants, and, even if it was without the consent of the plaintiff, the error was without prejudice to the defendants.

Our conclusion is that the judgment of the district court should be AFFIRMED.