PATRICK HINES, Appellee, v. W. W. WHITEHEAD *et al.,*
Appellants.

Conspiracy: SUBMISSION OF ISSUE. Where damages are sought as a
result of an alleged conspiracy, failure to submit the issue of con-
spiracy is error, though no request for such instructions was made.

*Appeal from Scott District Court.*— HON. J. W. BOLINGER,
Judge.

WEDNESDAY, JUNE 8, 1904.

PLAINTIFF alleges in his petition that for several years he had been a motorman in the employ of the Tri-City Railway Company, which company was engaged in operating lines of street railway in the city of Davenport; that, for the purpose of injuring him and depriving him of his said employment, the defendants, Whitehead and Strehle, conspired and confederated together to induce said company to discharge plaintiff from its employ; and that defendants did, as a result of such purpose and conspiracy, procure plaintiff to be discharged from his said employment, to his damage, etc. The defendants answer by a general denial, and then plead special matters of defense, not necessary to be considered on this appeal. There was a jury trial, resulting in a verdict and judgment in favor of plaintiff. Defendants appeal.— *Reversed.*

*Ely & Bush,* for appellants.

*Sharon & Donegan,* for appellee.

BISHOP, J.— The principal ground of complaint upon which appellants rely for a reversal is that the trial court wholly failed to submit to the jury the question of the conspiracy alleged in the petition. Turning to the instructions as given, we find that the jury was told at the outset that if plaintiff had made it appear that defendants, or either of them, made statements to the officers of the railway company concerning plaintiff, which statements were false and malicious, and whereby plaintiff was damaged, his right of recovery would be complete. Nowhere in the instructions is an affirmative finding upon the question of conspiracy made essential to a verdict in favor of plaintiff. Therefrom it must be apparent that the cause was submitted to the jury upon a theory unwarranted by the pleadings, and

accordingly that the contention of appellant must be sustained. The manifest theory upon which plaintiff's action was brought was that he had been discharged from his employment as the result of an unlawful conspiracy on the part of defendants. The gravamen of the action is the conspiracy charged. This is made clear not only from the allegations of the petition, but from the fact that the defendants are charged jointly. The means employed as alleged were false representations respecting the conduct of plaintiff while engaged in the performance of his duties. To maintain the action as against the defendants jointly, proof of the conspiracy alleged was essential, and whether or not such proof had been made was a question to be answered by the verdict of the jury. *Hablichtel v. Yambert,* 75 Iowa, 539, 8 Cyc. 673. It was the duty of the court to present to the jury the matters in issue as the same were made by the pleadings, and this although no requests for instructions were made by counsel. *Owen v. Owen,* 22 Iowa, 270; *Seekel v. Norman,* 71 Iowa, 267.

For the error pointed out, the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.— REVERSED.