JOHN NEIDY, Appellee, v. JAMES O. LITTLEJOHN, Appellant.

**Automobiles:** NEGLIGENT OPERATION : ADMISSION OF EVIDENCE : HARMLESS ERROR. In this action to recover for injuries caused· by the negligent operation of an automobile, in. frightening plaintiff's horse and overturning his buggy upon a highway, the admission of evidence that plaintiff's wife and child were in the buggy and that she held the child in her arms was not prejudicial, where the court by its instructions negatived the idea that compensation was to be allowed plaintiff for mental anguish because of the presence of his wife and child.

**Same:** EVIDENCE. Where there is evidence · of the competency of the witness to speak on the·subject he may testify to the speed of an automobile. And evidence of the presence of another automobile near the scene of the accident was admissible.

**Admission of evidence received on a former trial:** AFFIDAVIT FOR CONTINUANCE. The affidavit as to what an absent witness would testify to if present, which was admitted on the first trial of the cause for the purpose of avoiding a continuance, is not admissible on a subsequent trial except for the same purpose.

**Instructions:** REFUSAL. A refusal of requested instructions is not erroneous where those given by the court sufficiently cover the questions involved.

**Automobiles:** RATE OF SPEED : STATUTE. The statute relating to the rate of speed at which an automobile may be operated upon a country highway, does not prohibit a greater rate of speed than twenty miles per hour, but provides that the "average" rate of speed shall not exceed twenty miles per hour.

Special interrogatories: REFUSAL TO SUBMIT. Where the answer to
6 a special interrogatory, if submitted, would not have been deter-
minative of the case, or where the subject was clearly covered
by the general verdict, a reversal of the action will not be ordered
because of refusal to submit the same.

*Appeal from Buchanan District Court.*—HON. F. C.
PLATT, Judge.

FRIDAY, MARCH 11, 1910.

ACTION at law to recover damages for injuries re-
ceived by plaintiff due as is alleged to defendant's negli-
gence in operating an automobile. Defendant's answer
was a general denial. On the issues joined the case was
tried to a jury, resulting in a verdict and judgment for
plaintiff in the sum of $350. Defendant appeals.—*Af-
firmed.*

*Cook & Cook,* for appellant.

*Springer & Smith* and *E. E. Hasner,* for appellee.

DEEMER, C. J.—The case was once before us on a
prior appeal; the opinion being found in 137 Iowa, 704.
A full statement of the case is there made, and we shall
not repeat it here. The opinion then filed settles some
of the questions involved, and, in so far as it announces
rules of law, they are fixed for the purposes of this ap-
peal, whether right or wrong. The case was reversed be-
cause the trial court was in error in submitting the question
of excessive rate of speed; for the reason that there was
no testimony in the record as then before us which jus-
tified the submission of such an issue. Upon remand this
testimony was supplied or at least enough introduced to
take the case to the jury upon that issue. That opinion
also approved the instructions by the trial court, and

we have nothing to consider in this connection save the complaint that the trial court refused to give some asked by the defendant. We have then for consideration some rulings on the admission and rejection of the testimony, the correctness of the instructions asked and refused, the sufficiency of the testimony to support the verdict, and some other minor matters, which may be noticed during the course of the opinion.

I.  Over defendant's objections, plaintiff was permitted to prove that his wife and baby were in the buggy which was overturned, and that his wife had the baby in her arms; the baby being covered up when he met the automobile. In this there was no error, as it was a part of the history of the case. The trial court did not instruct, as counsel infer, that plaintiff's mental anguish on account of the presence of wife and baby might be considered as an element of damage. Indeed, that thought was negatived in the instructions given. There was no prejudicial error in receiving the testimony. *Keyes v. Railroad Co.*, 36 Minn. 290 (30 N. W. 888).

1. AUTOMOBILES: negligent operation: admission of evidence: harmless error.

II.  Plaintiff was permitted to testify as to the speed of the automobile as it approached him on the day of the accident. Some competency on the part of the witness to speak on the subject was shown, and there was no error in receiving his testimony. *Gregory v. Wabash Co.*, 126 Iowa, 230. There was also other testimony as to the excessive speed of the machine, and the weight of plaintiff's testimony was for the jury. Testimony as to another automobile at or near the scene of the accident was admitted. As to this there was no error.

2. SAME: evidence.

III.  At the first trial defendant filed a motion based upon the absence of a witness, Maude Munn. To avoid the continuance, plaintiff admitted that the witness, if

present, would testify as stated in the affidavit for a continuance. The statement as to what the witness would testify to was then read to the jury. On this trial defendant offered the affidavit as to what the witness would testify to in evidence, and plaintiff's objection thereto was sustained on the theory that his admission was made simply for the first trial, and could not be used upon the second. Error is predicated upon this ruling. The ruling was correct. The admission as to what the witness would testify to was simply to avoid a continuance of the first trial, and such admission could not be offered upon a second trial, unless made to avoid a continuance thereof. *State v. Felter,* 32 Iowa, 49; *Hudson v. Applegate,* 87 Iowa, 605. Section 245a of the Code Supplement has no reference to such a situation.

3. ADMISSION OF EVIDENCE RECEIVED ON A FORMER TRIAL: affidavit for continuance.

IV. Defendant asked thirteen instructions, and now contends that the trial court was in error in not giving those numbered 9, 11 and 12. The ninth related to excessive speed of the automobile, and, in view of the testimony, was properly denied. The eleventh relates to the burden of proof, and was sufficiently covered by the instructions given. The twelfth has reference to what is erroneously termed assumption of risk. In so far as it had any bearing upon the case, it related to plaintiff's contributory negligence. That matter was sufficiently covered by the instructions given. The instructions asked were not as clear as those given by the trial court on that subject, and there was no error in refusing them.

4. INSTRUCTIONS: refusal.

V. Complaint is made of the second, sixth, seventh, and eighth instructions given by the court on its own motion. We need not set these out *in extenso.* The second has reference to the burden of proof, and announces the correct rule. The sixth, seventh, and eighth had reference to the rate of speed at which the automobile was

being driven, and announced correct rules of law. There was sufficient testimony to justify the giving thereof, and we discover no error.

One thought might be suggested in this connection, however, to avoid any misapprehension. It is assumed that defendant in so far as the statute is concerned could

5. AUTOMOBILES: rate of speed: statute.

not run his machine at a greater rate of speed than twenty miles per hour. The statute does not so declare. It says that no person shall drive an automobile outside a city, town, or village at a greater average rate of speed than twenty miles per hour. There are some limitations upon this, however, which need not at this time be noticed. A reference to the section is all that is necessary. It is section 1571h of the Code Supplement. Defendant suffered no prejudice, however, from the failure of the trial court to properly state the speed fixed by statute. The case was submitted with reference to the speed as applied to the facts shown by the evidence, and this is the correct rule. But it is not true that an automobile can not be driven at a greater rate of speed than twenty miles per hour upon the country roads.

VI. It is argued that defendant's motion in arrest of judgment should have been sustained for the reason that plaintiff did not plead freedom from contributory negligence. This claim is based upon a misapprehension of the contents of plaintiff's petition. Plaintiff did plead that the accident happened, without fault or negligence on his part, and this was reiterated in all counts of the petition.

VII. Lastly, it is argued that the trial court was in error in not submitting some special interrogatories asked by the defendant to the jury. But one of these seems to

6. SPECIAL INTER- ROGATORIES: refusal to submit.

call for ultimate and controlling facts, and that one was so plainly answered by the general verdict that we are not justified in reversing because of the court's refusal to submit it.

Moreover, an answer to that interrogatory, no matter what it may have been, would not have been determinative of the case, and we do not reverse under such circumstances. *Morbey v. Railroad,* 116 Iowa, 84; *Hawley v. Railroad Co.,* 71 Iowa, 717; *O'Leary v. Insurance Co.,* 100 Iowa, 390; *Hablichtel v. Yambert,* 75 Iowa, 539. The claim that the verdict has no support in the testimony is without merit. The question of contributory negligence was for the jury. The testimony on this issue was such that we can not say as a matter of law that plaintiff was guilty of contributory negligence.

No prejudicial error appears, and the judgment must be, and it is, *affirmed.*